**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WEBSTER BANK, N. A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02522 |
| | ) | |
| PIERCE & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## PIERCE & ASSOCIATES, P.C.'S ANSWER & AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant, PIERCE & ASSOCIATES, P.C. ("Pierce"), by and through its counsel, David M. Schultz and Justin M. Penn of Hinshaw & Culbertson LLP, and for its Answer & Affirmative Defenses to First Amended Complaint, states as follows:

### NATURE OF THE ACTION

1.      This is an action to recover damages against Pierce for attorney malpractice, breach of fiduciary duty, fraud, and breach of contract. Webster Bank also seeks punitive damages against Pierce for Pierce's breach of fiduciary duty and fraud.

**ANSWER:   Defendant admits that Plaintiff purports to bring this action for damages for Defendant's alleged attorney malpractice and breach of contract, but denies that Plaintiff has any such claims herein, and denies that it violated the law in any way. Answering further, Defendant denies that Plaintiff has brought an action for breach of fiduciary duty or fraud, as those claims were dismissed. (Dkt. #47). Answering further, and in accordance with this Court's ruling, Defendant denies that Plaintiff is entitled to any award of punitive damages. (Dkt. #48).**

2.      Webster Bank's claims arise out of its business and contractual relationship with Pierce that began in 2009. Webster Bank's legal malpractice claims seek to recover for Pierce's negligence (or alternatively breach of contract) in the handling of multiple mortgage foreclosure and breach of note cases on behalf of Webster Bank. Pierce's negligence in those cases resulted in Webster Bank losing its legal rights (e.g., ability to recover on a note), incurring legal fees and

costs to defend itself against civil contempt proceedings, and incurring legal fees and costs to correct Pierce's negligence.

**ANSWER:** **Defendant admits to the extent that Plaintiff purports to base its claims on a business and contractual relationship with Pierce that began in 2009, but denies that it was negligent, denies that it committed legal malpractice, denies that it violated the law in any way, and denies that any actions by Defendant caused Plaintiff any damages.**

3.    Webster Bank's breach of fiduciary duty claim seeks to recover for Pierce's blatant violation of the Illinois Rules of Professional Conduct. These violations include failing to notify Webster Bank of conflicts of interest, and representing other clients directly adverse to Webster Bank.

**ANSWER:** **Defendant denies that Plaintiff has any currently pending breach of fiduciary duty claim based on the Illinois Rules of Professional conduct, as that claim was dismissed. (Dkt. #47). Answering further, Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.**

4.    Webster Bank's fraud claim is based on Pierce's intentional failure to notify Webster Bank of its conflicts of interest. Pierce had a duty to inform Webster Bank of the conflicts of interest. Despite this duty, Pierce intentionally did not inform Webster Bank of its conflicts of interests so that Webster Bank would continue to assign matters to Pierce and pay Pierce legal fees. Webster Bank justifiably relied on Pierce's omissions and continued to assign new matters and pay Pierce legal fees to its detriment.

**ANSWER:** **Defendant denies that Plaintiff has any currently pending fraud claim, as that claim was dismissed. (Dkt. #47). Answering further, Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.**

5.    Webster Bank sustained significant damages as a direct result of Pierce's legal malpractice, breach of fiduciary duty, fraud, and breach of contract. These damages include, but are not limited to, the amount of certain promissory notes that Webster either was forced to forgive or can no longer collect, attorneys' fees paid to Pierce for representation that did not meet the standard of care, attorneys' fees paid to others to rectify the issues created by Pierce, attorneys' fees Webster Bank paid to defend itself in civil contempt proceedings, and other damages as discussed below. Indeed, Pierce admitted in prior filings with this Court that Webster Bank "was undeniably damaged" by Pierce's wrongful conduct. See ECF 16 at p. 9.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's First Amended Complaint. Answering further, Defendant affirmatively states that the allegations relating to ECF #16 at P.9 arise from a public record, that the public record speaks for itself, and Defendant therefore denies all allegations of fact that are inconsistent with a plain meaning reading of the text Plaintiff has cited to. Answering further, Defendant denies the remaining allegations contained in Paragraph 5 of the Plaintiff's First Amended Complaint.

## PARTIES

6.     Webster Bank, N.A. is a national bank organized and existing under the laws of the United States having its main office in the State of Connecticut. Webster Bank is (and has been at all relevant times) a resident and citizen of the State of Connecticut.

**ANSWER:**     Defendant admits.

7.     Pierce & Associates, P.C. is a professional corporation organized and existing under the laws of the State of Illinois. Pierce provides title services and mortgage-related legal representation in the State of Illinois. Pierce is (and has been at all relevant times) a resident and citizen of the State of Illinois.

**ANSWER:**     Defendant admits.

8.     At all times relevant to this lawsuit, Pierce represented to the public that its lawyers had substantial experience in representing and advising clients efficiently in mortgage and title related legal matters. Pierce advertised that it has established an "effective system to continually monitor and enhance performance and processing resulting in exceptional timeline performance and communication."  Pierce failed to meet the standards that it advertised and failed to meet the applicable standard of care in its representation of Webster Bank.

**ANSWER:**     Defendant admits to the extent that it has represented to the public that its lawyers had substantial experience in representing and advising clients efficiently in mortgage and title related matters, and that it has advertised an "effective system to continually monitor and enhance performance and processing resulting in exceptional timeline performance and communication." Answering further, upon reasonable inquiry,

131608501v1 0984142

Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 8 of the Plaintiff's First Amended Complaint. Answering further, Defendant denies that it failed to meet any applicable standard, if advertised, and denies that it breached any applicable standard of care in its representation of Webster Bank.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(2), because Webster Bank and Pierce are residents of different states, and the amount-in-controversy exceeds $75,000. Specifically, Webster Bank is a resident of Connecticut; Pierce is a resident of Illinois; and the amount-in-controversy exceeds $350,000.00.

**ANSWER:     Defendant denies that the amount in controversy exceeds $350,000.00. Answering further, Defendant affirmatively states that it does not contest jurisdiction.**

10.     This Court has personal jurisdiction over Pierce because Pierce has transacted business within the State of Illinois by representing Webster Bank and other parties in litigation filed in courts in Illinois.

**ANSWER:     Defendant admits.**

11.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:     Defendant admits.**

## FACTS COMMON TO ALL COUNTS

**I.     Webster Bank Retains Pierce.**

12.     In or about 2009, Webster Bank retained Pierce to represent it in filing residential mortgage foreclosure and breach of note actions in northern counties in the State of Illinois.

**ANSWER:     Defendant admits.**

13.     Pierce accepted the representation of Webster Bank.

**ANSWER:     Defendant admits.**

4

14.     By accepting the representation of Webster Bank, Pierce became contractually obligated to *inter alia* represent Webster Bank competently in all matters assigned to it by Webster Bank, to keep Webster Bank reasonably informed on all matters assigned to it, not to take representation adverse to Webster Bank, and to act at Webster Bank's instruction with regard to all matters assigned to it.

**ANSWER:**     **Defendant denies that paragraph 14 is an accurate or complete statement of the attorney duties pursuant to an attorney-client relationship.  Further, there are no conflict claims due to the court's dismissal order and thus no answer is required to that reference.  Defendant admits that it kept Webster Bank reasonably informed and acted at Webster Bank's instructions.**

15.     Webster Bank agreed to and did pay Pierce a flat fee for each matter handled by Pierce.

**ANSWER:**     **Defendant admits.**

16.     Pierce's acceptance of the representation of Webster Bank also gave rise to a fiduciary relationship between Pierce and Webster Bank. Among the fiduciary duties imposed upon Webster by Illinois law were those of fidelity, honesty, loyalty, and good faith in both the discharge of contractual obligations to, and professional dealings with, Webster Bank.

**ANSWER:**     **Defendant denies that Plaintiff has any currently pending breach of fiduciary duty claim, as that claim was dismissed (Dkt. #47) and therefore makes no answer to this allegation because it is no longer an issue in the case. Answering further, to the extent that an answer to this paragraph is deemed necessary, Defendant admits to the extent that there are fiduciary duties that arise pursuant to an attorney-client relationship, but upon reasonable inquiry, lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 16 of the Plaintiff's First Amended Complaint, as they call for legal conclusions.**

17.     As Webster Bank's fiduciary, Pierce was also obligated to comply with the Illinois Rules of Professional Conduct regarding conflicts of interest.

131608501v1 0984142

**ANSWER:** **Defendant denies that Plaintiff has any currently pending breach of fiduciary duty claim, as that claim was dismissed (Dkt. #47) and therefor makes no answer to this allegation because it is no longer an issue in the case. Answering further, to the extent that an answer to this paragraph is deemed necessary, Defendant denies that Plaintiff's allegation is a correct statement of law, and therefore denies the allegations contained in Paragraph 17 of the Plaintiff's First Amended complaint.**

18.     Illinois Rule of Professional Conduct Rule 1.7 states in pertinent part that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

**ANSWER:** **Defendant admits that Plaintiff has purported to cite to a provision of the Illinois Rule of Professional Conduct Rule 1.7.**

19.     During the course of its representation of Webster Bank, Pierce's responsibilities included, without limitation, investigating, preparing, filing, and prosecuting residential mortgage foreclosure actions and breach of note actions on behalf of Webster Bank and defending Webster Bank in mortgage foreclosure actions filed by senior lien priority lenders.

**ANSWER:** **Defendant admits.**

## II.     Pierce Breached its Contractual, Common Law, and Fiduciary Duties to Webster Bank.

20.     During the course of the attorney-client relationship and after the attorney-client relationship ceased, Webster Bank discovered that Pierce gravely mishandled a number of litigation matters assigned to it by Webster Bank. Webster Bank also discovered that in addition to its negligent handling of several matters for Webster Bank, Pierce also breached its fiduciary duties to Webster Bank by, among other things, acting against Webster Bank's interests and instruction, failing to disclose material information to Webster Bank, and representing other litigants adverse to Webster Bank without seeking or securing a conflict waiver. Pierce also defrauded Webster Bank into assigning additional matters to Pierce, and paying Pierce additional legal fees.

**ANSWER:** **Defendant denies.**

*Webster Bank, N.A. v. John M. Adams, Case No. 2012 L 53*

**Circuit Court of Kendall County, Illinois**

21.     Webster Bank held a note executed by John Adam ("Adam") secured by a second mortgage on his home.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

22.     In November 2009, Adam filed for Chapter 7 bankruptcy protection.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

23.     Webster Bank does not have a record of having received notice of the bankruptcy. Adam was discharged in February 2010.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

24.     Webster Bank retained Pierce to represent it to file suit against Adam to recover amounts owed on the note.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

25. On July 26, 2012 Pierce, on behalf of Webster Bank, filed a "Complaint to Recover on Note" against Adam (the "Litigation") in the Circuit Court of Kendall County, Illinois (Case No. 2012 L 53).

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

26. Pierce did not run a bankruptcy search on Adam prior to filing suit. Had it done so, Pierce would have discovered Adam's prior bankruptcy and discharge.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

27. Pierce failed to appear in court on the first two court appearance dates.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

28. After the second missed court date, Adam informed his attorney of his bankruptcy discharge, and Adam's attorney wrote a letter to Pierce informing them of Adam's discharge.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

29.     Pierce failed to appear in court on the scheduled third appearance date, and the Court dismissed the case for want of prosecution.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

30.     Approximately two weeks later, Pierce filed a motion to voluntarily dismiss the lawsuit, but failed to appear on the noticed date.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

31.     In January, 2014, Adam re-opened his bankruptcy case (United States Bankruptcy Court for the Northern District of Illinois, Case No. 09-42288) and brought an action against Webster Bank and Pierce seeking an order of civil contempt for violation of 11 U.S.C. §524 (the "Civil Contempt Proceeding"). In the Civil Contempt Proceeding, Adam alleged that Webster Bank and Pierce violated 11 U.S.C. § 524 by seeking to enforce its note against Adam after his discharge.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

32.     Webster Bank retained and paid separate counsel to represent it in the Civil Contempt Proceeding.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

**contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

33. Pierce was negligent in its representation of Webster Bank in that it failed to run a bankruptcy search before it filed suit against Adam on behalf of Webster Bank and failed to appear on numerous court dates. Pierce never informed Webster Bank of its failures to appear and its failure to run a proper, pre-filing bankruptcy search, all of which violated the applicable standard of care owed to Webster Bank.

**ANSWER:  Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required. To the extent that an answer to this paragraph is deemed necessary, Defendant denies the allegations contained therein.**

34. The Civil Contempt Proceeding would not have been filed against Webster Bank but for Pierce's negligence.

**ANSWER:  Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required. To the extent that an answer to this paragraph is deemed necessary, Defendant denies the allegations contained therein.**

35. Although the parties eventually settled the Civil Contempt Proceeding, Webster Bank incurred attorneys' fees and other costs in defending and settling the Civil Contempt Proceeding that it would not have incurred but for Pierce's negligence. Webster Bank did not incur these attorneys' fees and other costs until after February 23, 2014.

**ANSWER:  Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response**

10

to this paragraph is required. **To the extent that an answer to this paragraph is deemed necessary, Defendant denies the allegations contained therein.**

36.     Pierce's negligence in Adam resulted in damages to Webster Bank in the principal amount of $19,363.60.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required. To the extent that an answer to this paragraph is deemed necessary, Defendant denies the allegations contained therein.**

*Webster Bank v. Kristen Jasinski*, **Case Nos. 10 L 1972, 12 L 6848 and 13 L 10056, Circuit Court of Cook County, Illinois.**

37.     Webster Bank retained Pierce to represent it in a breach of note action against Kristen Jasinski ("Jasinski").

**ANSWER:     Defendant admits.**

38.     Pierce filed case no. 10 L 1972, and Jasinski moved to dismiss.

**ANSWER:     Defendant admits.**

39.     Pierce voluntarily dismissed case no. 10 L 1972.

**ANSWER:     Defendant admits.**

40.     Pierce then filed case no. 12 L 6848 against Jasinski.

**ANSWER:     Defendant admits.**

41.     Case No. 12 L 6848 was subsequently dismissed by the Court for want of prosecution due to Pierce's failure to appear at a scheduled court date.

**ANSWER:     Defendant admits to the extent that Case No. 12 L 6848 was dismissed for want of prosecution, but that said dismissal was vacated, and the case was ultimately dismissed on an oral motion to dismiss the action without prejudice at the request of**

131608501v1 0984142

Plaintiff. **Answering further, Defendant denies the remaining allegations contained in Paragraph 41 of the Plaintiff's First Amended Complaint.**

42.     After 12 L 6848 was dismissed, Pierce filed a third suit, case no. 13 L 10056, against Jasinski.

**ANSWER:     Defendant admits to the extent that Case No. 13 L 10056 was filed on September 9, 2013, which was after the dismissal for want of prosecution that occurred on July 9, 2013, but before the order granting Pierce's oral motion to dismissal without prejudice was entered on February 26, 2014. Answering further, Defendant denies the remaining allegations contained in Paragraph 42 of the Plaintiff's First Amended Complaint.**

43.     Pierce then filed a motion to vacate the dismissal of case no. 12 L 6848.

**ANSWER:     Defendant admits.**

44.     Although Pierce was successful in vacating the dismissal of case no. 12 L 6848, Pierce, at the same hearing, inexplicably orally moved to voluntarily dismiss case no. 12 L 6848. The Court granted Pierce's oral motion and dismissed case no. 12 L 6848.

**ANSWER:     Defendant admits to the extent that Pierce was successful in vacating the dismissal of case no. 12 L 6848, and that the court granted Pierce's oral motion to dismiss case no. 12 L 6848 at the same hearing. Answering further, Defendant affirmatively states that Webster Bank instructed it to dismiss case no. 12 L 6848, and therefore denies that its dismissal of the case was inexplicable. Answering further, Defendant denies the remaining allegations contained in Paragraph 44 of the Plaintiff's First Amended Complaint.**

45.     Pierce knew or reasonably should have known that dismissing case no. 12 L 6848 would result in Webster Bank losing its right to enforce the note against Jasinski under 735 ILCS 5/13-217.

131608501v1 0984142

**ANSWER:** **Defendant denies.**

46. Pierce failed to advise Webster Bank that dismissing case no. 12 L 6848 would result in Webster Bank losing its right to enforce the note against Jasinski under 735 ILCS 5/13-217.

**ANSWER:** **Defendant objects to the extent that the use of the words "would" and "failed" call for legal conclusions and to the extent it is based upon a faulty legal premise. Answering further, upon information and belief, Defendant denies that the dismissal results in a loss of a right to enforce the note, and therefore Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's First Amended Complaint.**

47. Jasinski then filed a motion to dismiss case no. 13 L 10056 on the basis that 735 ILCS 5/13-217 allows a party to refile an action once after a voluntary dismissal, but does not allow a party to file a third action after voluntarily dismissing the same cause of action two times.

**ANSWER:** **Defendant admits to the extent that Jasinski filed a motion to dismiss case no. 13 L 11056, and used as a basis for that motion an interpretation of the rules of civil procedure that would not permit the third re-filing of a Complaint voluntarily dismissed.**

48. The Court agreed with Jasinski and dismissed case no. 13 L 10056.

**ANSWER:** **Defendant admits.**

49. Pierce failed to notify Webster Bank of the dismissal of case no. 12 L 6848 for want of prosecution and failed to notify Webster Bank of the legal ramifications of filing an impermissible third case.

**ANSWER:** **Defendant objects to the extent that the terms "impermissible" and "failed" call for legal conclusions and to the extent it is based upon a faulty legal premise. Answering further, Defendant denies the implication that it did not communicate with Plaintiff about the dismissal of case no. 12 L 6848, and affirmatively states that Plaintiff**

131608501v1 0984142

**and Defendant communicated over the topic of filing a third case. Defendant also denied that the First Amended Complaint accurately characterizes the "legal ramifications of filing" a third case, and therefore denies the remaining allegations contained in Paragraph 49 of the Plaintiff's First Amended Complaint.**

50.     Pierce was negligent in allowing case no. 12 L 6848 to be dismissed for want of prosecution, for orally moving to dismiss case no. 12 L 6848 after it successfully vacated the dismissal, and by filing case no. 13 L 10056.

   <u>**ANSWER:**</u>     **Defendant denies.**

51.     Pierce's negligence caused Webster Bank to lose its legal remedy against Jasinski for breach of note.

   <u>**ANSWER:**</u>     **Defendant denies.**

52.     Once Webster Bank became aware of Pierce's negligence, it retained new counsel who attempted to vacate Pierce's voluntary dismissal of case no. 12 L 6848. Webster Bank's attempts to vacate Pierce's voluntary dismissal of case no. 12 L 6848 were unsuccessful.

   <u>**ANSWER:**</u>     **Defendant admits to the extent that Plaintiff removed it as counsel on this matter and hired new counsel to attempt to vacate the voluntary dismissal of case no. 12 L 6848, and that said attempts were unsuccessful. Answering further, Defendant denies that it was negligent, denies that it violated the law in any way, and denies the remaining allegations contained in Paragraph 52 of the Plaintiff's First Amended Complaint.**

53.     As a direct and proximate result of Pierce's negligence, Webster bank sustained damages in the amount due on the promissory note executed by Jasinski that Webster Bank can no longer seek to enforce. Webster Bank also incurred attorneys' fees in its unsuccessful efforts to mitigate its damages by seeking to remediate the problems caused by Pierce's actions.

   <u>**ANSWER:**</u>     **Defendant denies.**

54.     Pierce's negligence in handling the various *Jasinski* matters resulted in damages to Webster Bank in the principal amount of $176,217.24.

   <u>**ANSWER:**</u>     **Defendant denies.**

131608501v1 0984142

***Webster Bank v. Bradly Kovin*, Case No. 11 L 233, 13 L 684, Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois**

55. Webster Bank retained Pierce to file a breach of note against Bradly Kovin ("Kovin").

**ANSWER: Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

56. Pierce filed a breach of note action in case no. 11 L 233.

**ANSWER: Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

57. Case no. 11 L 233 was set for trial on June 25, 2012. Pierce did not appear in court on the trial date, and the case was dismissed by the Court for want of prosecution.

**ANSWER: Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

58. Pierce reinstated case no. 11 L 233 and a new trial date was set for Monday, October 22, 2012.

**ANSWER: Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

59.     Pierce failed to notify Webster Bank of the new trial date until Friday, October 19, 2012.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

60.     Due to the late notice of the trial date from Pierce, Webster Bank was not able to provide the necessary witness for the trial on October 22, 2012.Because it was not able to provide the necessary witness, Webster Bank was forced to agree to voluntarily dismiss case no. 11 L 233 on the trial date.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

61.     Pierce re-filed the breach of note case as case no. 13 L 684.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

62.     Pierce did not file an Illinois Supreme Court Rule 222 affidavit attesting that damages exceed $50,000 in case no. 13 L 684.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

63.     Kovin filed an answer and affirmative defenses in case no. 13 L 684.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

64.     Pierce did not file a reply to Kovin's affirmative defenses as required by Illinois Supreme Court Rule 182(a).

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

65.     Pierce failed to appear at a scheduling conference in case no. 13 L 684. Kovin's attorney sent a copy of the scheduling order to Pierce.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

66.     Pierce failed to comply with Illinois Supreme Court Rule 218 requiring the disclosure of witnesses.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

67.     Pierce was negligent in failing to file a Rule 222 affidavit, failing to file a reply to Kovin's affirmative defenses, and failing to comply with Rule 218.

131608501v1 0984142

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

68.     When Webster Bank learned of Pierce's mismanagement of a number of its other cases, it retained new counsel to look at the facts of this case.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

69.     New counsel immediately sought leave to answer the affirmative defenses and obtain a new Rule 218 scheduling order.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

70.     New counsel also filed a motion for leave to file a Rule 222 affidavit (so that Webster Bank's damages would not be reduced to a maximum of $50,000 for having failed to file a Rule 222 affidavit).

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

71.     Before hearing on the motions, and to avoid uncertainty, Webster Bank settled the matter with Kovin. The settlement included debt forgiveness in the amount of $116,528.05.

131608501v1 0984142

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

72. Webster Bank would not have agreed to settle with Kovin, much less to forgive $116,528.05 in debt as part of the settlement with Kovin, but for Pierce's negligence.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

73. As a direct and proximate cause of Pierce's negligence in handling the Kovin matter, Webster Bank sustained damages consisting of debt forgiveness in the settlement, and attorneys' fees paid to new counsel.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

74. Pierce's negligence in the *Kovin* matter resulted in actual damages to Webster Bank in the amount of $130,484.11.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

***Webster Bank v. George Richter and Mary Richter*, Case No. 10 L 636, Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois**

131608501v1 0984142

75.     On July 8, 2010 Pierce filed suit on behalf of Webster Bank against George and Mary Richter (collectively, the "Richters") for breach of note.

**ANSWER:**     **Defendant admits.**

76.     On January 4, 2011, the court entered a default judgment against the Richters for their failure to appear in the lawsuit.

**ANSWER:**     **Defendant admits.**

77.     Pierce recorded a memorandum of judgment with the Recorder of Lake County.

**ANSWER:**     **Defendant admits.**

78.     In early 2015, Pierce informed Webster Bank that the Richters had filed for Chapter 7 bankruptcy protection prior to the filing of Webster Bank's lawsuit and obtained a discharge in bankruptcy on April 5, 2010, which was prior to the entry of the judgment.

**ANSWER:**     **Defendant admits to the extent that it notified Webster Bank of the Richter's Chapter 7 Bankruptcy filing in early 2015, but denies any implication that this communication was the first notification of the same to Webster Bank by Pierce. Answering further, Defendant affirmatively states that Webster Bank was aware of the Richter's Chapter 7 Bankruptcy filing as early as April 14, 2010, and also received additional notice from Defendant on June 7, 2011. Answering further, upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 78 of the Plaintiff's First Amended Complaint.**

79.     Pierce was negligent in failing to properly investigate and run a bankruptcy check before filing suit against the Richters or seeking judgment against the Richters.

**ANSWER:**     **Defendant denies.**

80.     Webster Bank hired and paid new counsel to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment.

131608501v1 0984142

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 80 of the Plaintiff's First Amended Complaint.**

81.    Webster Bank would not have incurred the cost of hiring new counsel to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment but for Pierce's negligence.

**ANSWER:**    **Defendant denies.**

82.    As a direct and proximate cause of Pierce's negligence, Webster Bank sustained actual damages consisting of attorneys' fees and costs paid to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment.

**ANSWER:**    **Defendant denies.**

83.    Pierce's negligence in the *Richter* matter resulted in actual damages to Webster Bank in the amount of $2,493.90.

**ANSWER:**    **Defendant denies.**

### *Webster Bank v. Kenneth Urbieta*, Case No. 09 M1 188336, Circuit Court of Cook County, Illinois

84.    Pierce filed a breach of note action on behalf of Webster Bank against Kenneth Urbieta ("Urbieta").

**ANSWER:**    **Defendant admits.**

85.    In June, 2010, during the pendency of the litigation, Urbieta filed for bankruptcy protection. Notice of the bankruptcy was sent to Webster Bank in care of Pierce.

**ANSWER:**    **Defendant admits.**

86.    Pierce never informed Webster Bank of Urbieta's bankruptcy filing.

**ANSWER:**    **Defendant denies.**

87.    On October 19, 2010, Urbieta obtained a discharge in bankruptcy. On February 17, 2011 Pierce obtained a judgment in favor of Webster Bank against Urbieta in violation of automatic stay in Urbieta's bankruptcy.

131608501v1 0984142

**ANSWER:** Defendant admits to the extent that on October 19, 2010, Urbieta obtained a discharge in bankruptcy, and that on February 17, 2011, Pierce obtained a judgment in favor of Webster Bank against Urbieta. Answering further, upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 87 of the Plaintiff's First Amended Complaint as they call for legal conclusions.

88.     On August 2, 2011, Pierce recorded the memorandum of judgment with the Recorder of Deeds of Cook County.

**ANSWER:**     Defendant admits.

89.     In early 2015, Pierce informed Webster Bank of Urbieta's bankruptcy discharge.

**ANSWER:**     Defendant admits.

90.     Pierce was negligence in failing to inform Webster Bank of Urbieta's bankruptcy filing, failing to timely inform Webster Bank of Urbieta's bankruptcy discharge, and in obtaining a judgment in favor of Webster Bank against Urbieta after Urbieta was discharged.

**ANSWER:**     Defendant denies.

91.     Webster Bank hired and paid new counsel to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 91 of the Plaintiff's First Amended Complaint.

92.     Webster Bank would not have incurred the cost of hiring new counsel to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment but for Pierce's negligence.

**ANSWER:**     Defendant denies.

93.     As a direct and proximate cause of Pierce's negligence, Webster Bank sustained actual damages consisting of attorneys' fees and costs paid to vacate the judgment, dismiss the lawsuit, and record a release of the memorandum of judgment.

131608501v1 0984142

**ANSWER:** **Defendant denies.**

94. Pierce's inaction and negligence in the *Urbieta* matter resulted in actual damages to Webster Bank in the amount of $604.94.

**ANSWER:** **Defendant denies.**

*Webster Bank v. Ruth Manzo*, **Case No. 10 CH 330, Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois**

95. Webster Bank retained Pierce to represent it in this mortgage foreclosure action on a HUD loan.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

96. Webster Bank instructed Pierce to have the Sheriff's deed executed in favor of Webster Bank.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

97. Pierce had the Sheriff of Lake County execute the deed in favor of HUD.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

98. Webster Bank made multiple requests to Pierce to have the error corrected and to record the deed.

131608501v1 0984142

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

99.     Pierce breached its duty of care to Webster Bank by failing to have the deed issued in the correct name, and by failing and refusing to follow Webster Bank's instructions and requests to correct and record the deed.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

100.     After a period of time lapsed without Pierce taking action to correct and record the deed, Webster Bank retained new counsel who immediately filed an additional appearance in the litigation, obtained a new and correct deed from the Sheriff and recorded the deed.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

101.     As a direct and proximate result of Pierce's negligence, Webster Bank sustained damage in the amount of attorneys' fees and costs incurred to correct and record the deed.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

102.    Webster Bank would not have incurred the attorneys' fees and costs to correct and record the corrected deed but for Pierce's failure and refusal to follow Webster Bank's instructions.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

103.    Pierce's negligence in the *Manzo* matter resulted in damages to Webster Bank in the principal amount of $2,013.75.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

***Webster Bank v. Erron Nielsen, et al.*, Case Nos. 13 AR 551 and 12 CH 2923, Circuit Court for the Twenty-second Judicial Circuit, McHenry County, Illinois**

104.    Pierce filed a mortgage foreclosure action on behalf of Ocwen Loan Servicing, LLC ("Ocwen") in case no. 12 CH 2923 to foreclose a first mortgage on property owned by borrower Erron Nielsen ("Nielsen") located in Algonquin, Illinois (the "Algonquin Property").

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

105.    At the time Pierce filed case no. 12 CH 2923, Webster Bank held a second mortgage secured by the Algonquin Property.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

106.    Pierce did not disclose this conflict of interest to Webster Bank as required by the Illinois Rules of Professional Conduct. Pierce also did not obtain a waiver of a conflict of interest from Webster Bank prior to initiating case no. 12 CH 2923.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

107.    Pierce represented both Ocwen and Webster Bank in the mortgage foreclosure action and filed an answer on behalf of Webster Bank in that litigation.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

108.    Pierce then filed a breach of note action against Nielson on behalf of Webster Bank as case no. 13 AR 551.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

109.    Webster Bank paid Pierce a flat fee to represent it in the mortgage foreclosure action.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

26

contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

110.     Webster Bank paid Pierce a flat fee to handle case no. 13 AR 551.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

111.     Pierce's representation of both Ocwen and Webster Bank in the mortgage foreclosure action without disclosing the conflict and without a signed conflict waiver violates the Illinois Rules of Professional Conduct.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

112.     Pierce breached its fiduciary duties to Webster Bank by failing to disclose the conflict of interest to Webster Bank, and by representing Ocwen and Webster Bank in the mortgage foreclosure action without obtaining a conflict waiver from Webster Bank.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

113.     As a direct and proximate cause of Pierce's breach of fiduciary duty, Webster bank incurred damages consisting of the additional attorneys' fees and costs it had to pay to its new counsel to obtain judgment in case no. 13 AR 551.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

114. Pierce's breach of fiduciary duty resulted in actual damages to Webster Bank in the amount of $10,543.19.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

*Webster Bank v. Sharon Rinaldi*, **Case No. 13 CH 7225,**
**Circuit Court of Cook County, Illinois**

115. Pierce filed a mortgage foreclosure action on behalf of Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-11AR ("Deutsche Bank") to foreclose a first mortgage on property owned by borrower Sharon Rinaldi ("Rinaldi") located in Inverness, Illinois ("Inverness Property").

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

116. At the time Pierce filed the mortgage foreclosure action on behalf of Deutsche Bank, Webster Bank held a second mortgage secured by the Inverness Property.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

117. Pierce did not disclose this conflict of interest to Webster Bank as required by the Illinois Rules of Professional Conduct. Pierce also did not obtain a waiver of a conflict of interest from Webster Bank prior to initiating the Deutsche Bank mortgage foreclosure action.

28

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

118. Pierce represented both Deutche Bank and Webster Bank in the mortgage foreclosure action and filed an appearance and answer on behalf of Webster Bank in that litigation.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

119. On behalf of Deutsche Bank, Pierce filed a motion for summary judgment against Webster Bank.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

120. Once Webster Bank became aware of the motion for summary judgment and conflict, it retained new counsel to represent it in the litigation.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

121. Webster Bank paid Pierce a flat fee to represent it in the Deutsche Bank mortgage foreclosure action.

131608501v1 0984142

**ANSWER:** Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

122. Pierce's representation of both Deutsche Bank and Webster Bank in the mortgage foreclosure action without disclosing the conflict and without a signed conflict waiver violates the Illinois Rules of Professional Conduct.

**ANSWER:** Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

123. Pierce breached its fiduciary duties to Webster Bank by failing to disclose the conflict of interest to Webster Bank, and by representing Deutsche Bank and Webster Bank in the mortgage foreclosure action without obtaining a conflict waiver from Webster Bank.

**ANSWER:** Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

124. As a direct and proximate cause of Pierce's breach of fiduciary duty, Webster bank incurred damages consisting of the additional attorneys' fees and costs it had to pay to its new counsel to represent it in the Deutsche Bank mortgage foreclosure action.

**ANSWER:** Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

131608501v1 0984142

125. Pierce's breach of fiduciary duty resulted in actual damages to Webster Bank in the amount of $9,108.18.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

### *Webster Bank v. James Allegretti and Alicia Allegretti*, Case Nos. 10 L 1223; 13 L 576, Circuit Court of Cook County, Illinois

126. Webster Bank retained Pierce to file a breach of note action against James Allegretti and Alicia Allegretti (collectively, the "Allegrettis") relating to a note dated July 11, 2007 (the "Note").

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

127. As security for the Note, Webster Bank held a second mortgage secured by property owned by the Allegrettis located in Northbrook, Illinois (the "Northbrook Property").

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

128. On November 30, 2010, Pierce filed case no. 10 L 1223 for breach of the Note against the Allegrettis.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

**contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

129. Pierce then voluntarily dismissed case no. 10 L 1223 with leave to reinstate.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

130. On March 12, 2012, Pierce filed a mortgage foreclosure action on behalf of Deutsche Bank National Trust Company ("Deutsche Bank") to foreclose a first mortgage on the Northbrook Property and named Webster Bank as a defendant in the action.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131. Pierce did not inform Webster Bank of the conflict of interest regarding the Northbrook Property.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

132. Pierce did not obtain a waiver of conflict of interest from Webster Bank relating to the mortgage foreclosure action filed on the Northbrook Property.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

**contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

133.    In October, 2012, and while the Deutsche Bank mortgage foreclosure matter was pending, Pierce filed a motion to reinstate case no. 10 L 1223. The motion to reinstate was stricken because it was filed too late.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

134.    In January 2013, and while the Deutsche Bank mortgage foreclosure action was pending, Pierce filed case no. 13 L 576 on behalf of Webster Bank for breach of Note.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

135.    In February, 2013, Deutsche Bank voluntarily dismissed its mortgage foreclosure action.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

136.    Webster Bank paid Pierce a flat fee to handle the breach of note case.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

137.    Once Webster Bank became aware of the conflict of interest, it retained new counsel to represent it in case no. 13 L 576.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

138.    Pierce breached its fiduciary duty to Webster Bank by failing to notify Webster Bank of the conflict of interest, and failing to obtain a conflict waiver from Webster Bank.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

139.    As a direct and proximate cause of Pierce's breach of fiduciary duty, Webster Bank sustained damages consisting of the additional attorneys' fees and costs it paid new counsel to handle case no. 13 L 576.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

140.    Pierce's breach of fiduciary duty resulted in actual damages to Webster Bank in the amount of $5,695.92.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

contained in this paragraph are pled in support of has been dismissed and thus no response

to this paragraph is required.

### III.   Webster Bank Terminates its Relationship With Pierce.

141.   Once Webster Bank became aware of the serious issues stemming from Pierce's representation in its various foreclosure and breach of note actions, Webster Bank terminated its business and contractual relationship with Pierce.

**ANSWER:   Defendant admits to the extent that it no longer maintains a business and contractual relationship with Webster Bank. Answering further, Defendant denies any implication that it violated the law in any way, and denies the remaining allegations contained in Paragraph 141 of the Plaintiff's First Amended Complaint.**

142.   After termination of their business and contractual relationship, Webster Bank continued to thoroughly investigate the matters being handled by Pierce, and found additional instances of misrepresentation and inaction by Pierce.

**ANSWER:   Defendant denies any implication that any misrepresentation or inaction was conducted by Defendant. Answering further, upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 142 of the Plaintiff's First Amended Complaint.**

143.   On October 1, 2014, Webster Bank sent a letter to Denis Pierce, partner, managing attorney and supervisor of the attorneys in the firm bearing his name, addressing Pierce's negligence, breach of contract, and breach of fiduciary duty.

**ANSWER:   Defendant admits to the extent that Webster Bank sent a letter to Denis Pierce on October 1, 2014. Answering further, Defendant denies the remaining allegations contained in Paragraph 143 of the Plaintiff's First Amended Complaint.**

144.   On December 30, 2014, Denis Pierce issued a response to Webster Bank's complaint letter, denying any wrongdoing by Pierce.

**ANSWER:   Defendant admits.**

131608501v1 0984142

145. From approximately April, 1975, through the present time, Pierce & Associates, P.C. has been in the business of providing mortgage banking legal assistance to mortgage lenders and financial institutions.

**ANSWER:** **Defendant admits that there was a period of time in which it provided mortgage banking legal assistance to mortgage lenders and financial institutions. Defendant denies the remaining allegations.**

146. Pierce advertises on its website that it "has developed a strong Management and Quality Control system" and that it "truly understands the need for good customer service and communication."

**ANSWER:** **Defendant admits that the web page has included the quoted parts referenced in paragraph 146.**

147. Though Pierce advertises that "good customer service and communication" "is our top priority," in all cases noted above, there was a gross failure to communicate with Webster Bank.

**ANSWER:** **Defendant denies.**

148. During its representation of Webster Bank, Pierce failed to meet its advertised standards of practice with regards to communication and quality of service, failing in many instances and in various matters to take proper action and/or communicate material information to Webster Bank, causing Webster Bank significant damages.

**ANSWER:** **Defendant denies.**

149. Pierce and its lawyers also violated the Illinois Rules of Professional Conduct on numerous occasions by, among other things, failing to (i) provide competent representation to Webster Bank; (ii) act with reasonable diligence and promptness in representing Webster Bank; (iii) properly communicate with Webster Bank, including the failure to keep Webster Bank reasonably informed about the status of the numerous matters Pierce was engaged to handle on Webster's Bank's behalf; (iv) failure to notify Webster Bank of conflicts and obtain waivers of conflicts of interest; and (v) charge reasonable fees, which were sometimes excessive given the protraction and duplication of Pierce's efforts that was caused by Pierce's failure to take appropriate and timely action and provide effective counsel.

**ANSWER:** **Defendant denies.**

150.    Pierce's negligence, breach of contract, breach of fiduciary duty, and fraud directly and proximately caused significant actual damage to Webster Bank exceeding $350,000.00.

**ANSWER:    Defendant denies.**

## COUNT I
## PROFESSIONAL NEGLIGENCE

151.    Webster Bank repeats and realleges the allegations contained in Paragraphs 1 through 103 and 141 to 150 of the First Amended Complaint as if fully set forth herein.

**ANSWER:    Defendant repeats, realleges, and reincorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

152.    At all times relevant to this claim, an attorney-client relationship existed between Webster Bank and Pierce.

**ANSWER:    Defendant admits it has had an attorney-client relationship with Webster Bank.  Upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 152 of the Plaintiff's First Amended Complaint, as Paragraph 152 calls for a legal conclusion and is overly vague.**

153.    As counsel to Webster Bank, Pierce owed Webster Bank a duty to exercise that degree of care, knowledge, skill, competence and diligence in representing its interests used by reasonably careful attorneys providing services in similar circumstances.

**ANSWER:    Defendant admits.**

154.    Pierce further owed Webster Bank a duty to comply with the standard of care of attorneys holding themselves out as having special expertise in residential mortgage related litigation.

**ANSWER:    Defendant denies that paragraph 154 is an accurate statement of the duties under applicable law.**

155.    Pierce owed Webster Bank a duty to represent its interests honestly and in good faith and to make full disclosure of all known information that was important and material to Webster Bank's affairs.

131608501v1 0984142

**ANSWER:** **Defendant denies that paragraph 155 accurately or completely states the duties under to a negligence claim under Illinois law.**

156. Pierce's conduct in representing Webster Bank in the *Adams, Jasinski, Kovin, Richter, Urbieta,* and *Manzo* matters, as described below and in Paragraphs 19 through 88 above, fell beneath the applicable standard of care.

**ANSWER:** **Answering Paragraph 156 of the Plaintiff's First Amended Complaint, Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), some of the claims that the allegations contained in this paragraph are pled in support of have been dismissed and thus no response to those applicable allegations contained in this paragraph is required. To the extent that an answer to the parts of this paragraph that have been disposed of are deemed necessary, Defendant denies the allegations contained therein. Answering further, as it relates to the active claims before the Court, defendant denies the allegations contained in Paragraph 156 of the Plaintiff's First Amended Complaint.**

157. In *Adams,* Pierce breached its duty of care to Webster Bank by failing to run a bankruptcy search before it filed suit against Adam on behalf of Webster Bank and failing to appear on numerous court dates. But for Pierce's negligence in *Adams,* Webster Bank would not have incurred attorneys' fees and costs defending the Civil Contempt Proceeding.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

158. In *Jasinski,* Pierce breached its duty of care to Webster Bank by allowing case no. 12 L 6848 to be dismissed for want of prosecution, orally moving to dismiss case no. 12 L 6848 after it successfully vacated the dismissal, and filing case no. 13 L 10056. But for Pierce's negligence in *Jasinski,* Webster Bank would not have lost its right to pursue enforcement of the note.

**ANSWER:** **Defendant denies.**

38

159.    In *Kovin,* Pierce breached its duty of care to Webster Bank by failing to file a Rule 222 affidavit, failing to file a reply to Kovin's affirmative defenses, and failing to comply with Rule 218. But for Pierce's negligence in *Kovin,* Webster Bank would not have agreed to settle the case, or would have settled the case on more favorable terms.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

160.    In *Richter,* Pierce breached its duty of care to Webster Bank by failing to properly investigate and run a bankruptcy check before filing suit against the Richters or seeking judgment against the Richters. But for Pierce's negligence in *Richter,* Webster Bank would not have incurred attorneys' fees and costs vacating the judgment, dismissing the case, and releasing the memorandum of judgment.

**ANSWER:    Defendant denies.**

161.    In *Urbieta,* Pierce breached its duty of care to Webster Bank by failing to inform Webster Bank of Urbieta's bankruptcy filing, failed to timely inform Webster Bank of Urbieta's bankruptcy discharge, and it obtained a judgment in favor of Wester Bank against Urbieta after Urbieta was discharged. But for Pierce's negligence in *Urbieta,* Webster Bank would not have incurred attorneys' fees and costs vacating the judgment, dismissing the case, and releasing the memorandum of judgment.

**ANSWER:    Defendant denies.**

162.    In *Manzo,* Pierce breached its duty of care to Webster Bank by failing to have the sheriff's deed issued to the correct party, and failing to correct the sheriff's deed at Webster Bank's instruction. But for Pierce's negligence *in Manzo,* Webster bank would not have incurred attorneys' fees and costs correcting and recording the deed.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

163.    As described with more particularity above, as a direct and proximate result of Pierce's professional negligence in the *Adams, Jasinski, Kovin, Richter, Urbieta,* and *Manzo* matters, Webster Bank suffered actual damages in an amount to be proven at trial.

**ANSWER:**    **Answering Paragraph 163 of the Plaintiff's First Amended Complaint, Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), some of the claims that the allegations contained in this paragraph are pled in support of have been dismissed and thus no response to those allegations is required. To the extent that an answer to the parts of this paragraph that have been disposed of are deemed necessary, Defendant denies the allegations contained therein. Answering further, as it relates to the active claims before the Court, defendant denies the allegations contained in Paragraph 163 of the Plaintiff's First Amended Complaint.**

## COUNT II
## BREACH OF CONTRACT
### (plead in the alternative to Count I)

164.    Webster Bank repeats and realleges the allegations contained in Paragraphs 1 through 103 and 141 to 150 of the First Amended Complaint as if fully set forth herein.

**ANSWER:**    **Defendant repeats, realleges, and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

165.    This claim is plead in the alternative to Webster Bank's negligence claim against Pierce in Count I of the First Amended Complaint.

**ANSWER:**    **Upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 165 of the Plaintiff's First Amended Complaint.**

166.    In agreeing to represent Webster Bank, Pierce promised Webster Bank that it would render legal services on its behalf in accordance with the standards required by the legal profession at large, as well as required by attorneys professing to have special expertise in mortgage related legal matters.

40

**ANSWER:** Defendant denies that paragraph 166 accurately states the duties of an attorney under Illinois law.

167. Pierce further promised to protect Webster Bank's interests in the various mortgage foreclosure and breach of note actions it was retained to handle.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 167 of the Plaintiff's First Amended Complaint.

168. As more fully described below and in Paragraphs 19 through 88 above, Pierce materially breached its contractual obligations to Webster Bank in the *Adams, Jasinski, Kovin, Richter, Urbieta,* and *Manzo* matters by, among other things, failing to conduct a proper, pre-filing investigation before filings actions; failing to appear at court hearings; failing to notify Webster Bank of material information; improperly filing and dismissing actions multiple times; and failing to competently prosecute and/or defend litigation on Webster Bank's behalf.

**ANSWER:** Answering Paragraph 168 of the Plaintiff's First Amended Complaint, Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), some of the claims that the allegations contained in this paragraph are pled in support of have been dismissed and thus no response to those allegations is required. To the extent that an answer to the parts of this paragraph that have been disposed of are deemed necessary, Defendant denies the allegations contained therein. Answering further, as it relates to the active claims before the Court, defendant denies the allegations contained in Paragraph 168 of the Plaintiff's First Amended Complaint.

169. In *Adams,* Pierce breach its agreement with Webster Bank by failing to run a bankruptcy search before it filed suit against Adam on behalf of Webster Bank and failing to appear on numerous court dates. But for Pierce's breach of agreement in *Adams,* Webster Bank would not have incurred attorneys' fees and costs defending the Civil Contempt Proceeding.

**ANSWER:** Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations

131608501v1 0984142

contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.

170.    In *Jasinski,* Pierce breached its agreement with Webster Bank by allowing case no. 12 L 6848 to be dismissed for want of prosecution, orally moving to dismiss case no. 12 L 6848 after it successfully vacated the dismissal, and filing case no. 13 L 10056. But for Pierce's breach of agreement in *Jasinski,* Webster Bank would not have lost its right to pursue enforcement of the note.

**ANSWER:    Defendant denies.**

171.    In *Kovin,* Pierce breached its agreement with Webster Bank by failing to file a Rule 222 affidavit, failing to file a reply to Kovin's affirmative defenses, and failing to comply with Rule 218. But for Pierce's breach of agreement in *Kovin,* Webster Bank would not have agreed to settle the case, or would have settled the case on more favorable terms.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

172.    In *Richter,* Pierce breached its agreement with Webster Bank by failing to properly investigate and run a bankruptcy check before filing suit against the Richters or seeking judgment against the Richters. But for Pierce's breach of agreement in *Richter,* Webster Bank would not have incurred attorneys' fees and costs vacating the judgment, dismissing the case, and releasing the memorandum of judgment.

**ANSWER:    Defendant denies.**

173.    In *Urbieta,* Pierce breached its agreement with Webster Bank by failing to inform Webster Bank of Urbieta's bankruptcy filing, failing to timely inform Webster Bank of Urbieta's bankruptcy discharge, and obtaining a judgment in favor of Webster Bank against Urbieta after Urbieta was discharged. But for Pierce's breach of agreement in *Urbieta,* Wester Bank would not have incurred attorneys' fees and costs vacating the judgment, dismissing the case, and releasing the memorandum of judgment.

**ANSWER:    Defendant denies.**

174.    In *Manzo,* Pierce breached its agreement Webster Bank by failing to have the sheriff's deed issued to the correct party, and failing to correct the sheriff's deed at Webster

131608501v1 0984142

Bank's instruction. But for Pierce's beach of agreement in *Manzo,* Webster bank would not have incurred attorneys' fees and costs correcting and recording the deed.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

175.   All conditions precedent to the performance of Pierce's contractual obligations have been performed or have occurred.

**ANSWER:** **The allegations are overly broad, state a legal conclusion, lack factual conduct and relate in part to dismissed claims, thus, upon reasonable inquiry, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 175 of the Plaintiff's First Amended Complaint.**

176.   As described with more particularity above, as a direct and proximate result of Pierce's breach of its contractual obligations in the *Adams, Jasinski, Kovin, Richter, Urbieta,* and *Manzo* matters, Webster Bank suffered actual damages in an amount to be proven at trial.

**ANSWER:** **Answering Paragraph 176 of the Plaintiff's First Amended Complaint, Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), some of the claims that the allegations contained in this paragraph are pled in support of have been dismissed and thus no response to those allegations is required. To the extent that an answer to the parts of this paragraph that have been disposed of are deemed necessary, Defendant denies the allegations contained therein. Answering further, as it relates to the active claims before the Court, defendant denies the allegations contained in Paragraph 176 of the Plaintiff's First Amended Complaint.**

131608501v1 0984142

## COUNT III
## BREACH OF FIDUCIARY DUTY

177.     Webster Bank repeats and realleges the allegations contained in Paragraphs 1 through 20 and 104 through 150 the First Amended Complaint as if fully set forth herein.

**ANSWER:     Defendant repeats, realleges, and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

178.     As Webster Bank's counsel, Pierce owed Webster Bank a fiduciary duty, which included a duty to act and give advice for its benefit, to act in good faith and in its best interests, to exercise independent professional judgment and undivided loyalty on its behalf, to pursue its lawful objectives, to represent no adverse interests and to make full disclosure to Webster Bank in a timely fashion of all known information that was important and material to the corporation's affairs.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

179.     Pierce further had a duty to deal honestly with Webster Bank and to disclose to it all material information concerning Webster Bank's interests that came into its possession.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

180.     Pierce also had a duty to timely disclose all conflicts of interest to Webster Bank, and to not represent other clients directly adverse to Webster Bank.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

181.    As more fully described in Paragraphs 91 through 127 above, Pierce breached its fiduciary duties to Webster Bank in the *Nielsen, Rinaldi,* and *Allegretti* matters by, among other things, failing to notify Webster Bank of a conflict of interest in violation of Illinois Rules of Professional Conduct; failing to obtain a conflict waiver from Webster Bank in violation of Illinois Rules of Professional Conduct; filing claims against Webster Bank without its permission and without a conflict waiver; and causing Webster Bank to pay it fees for representation when Pierce had a conflict of interest in the representation of Webster Bank and was taking action directly adverse to Webster Bank without disclosing the conflict and without a conflict waiver.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

182.    As described with more particularity above, as a direct and proximate result of Pierce's breach of its fiduciary duties in the *Nielsen, Rinaldi,* and *Allegretti* matters, Webster Bank suffered actual damages in an amount to be proven at trial.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

183.    Pierce's breach of fiduciary duty was done in reckless disregard of Webster Bank's interests and rights and was malicious, justifying an award of punitive damages.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required. Answering further, Defendant denies that Plaintiff is entitled to any award of punitive damages. (Dkt. #48).**

131608501v1 0984142

## COUNT IV
## COMMON LAW FRAUD

184.    Webster Bank repeats and realleges the allegations contained in Paragraphs 1 through 20 and 104 through 150 of the First Amended Complaint as if fully set forth herein.

**ANSWER:    Defendant repeats, realleges, and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

185.    At all times relevant to this claim, a contractual and fiduciary relationship existed between Pierce and Webster Bank.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

186.    As more fully described in Paragraphs 91 through 127 above, Pierce represented Ocwen in the *Nielsen* matter, and Deutsche Bank in the *Rinaldi,* and *Allegretti* matters, directly adverse to Webster Bank in violations of Rule 1.7 of the Illinois Code of Professional Conduct.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

187.    Pierce did not disclose its conflicts of interest in the *Nielsen, Rinaldi,* and *Allegretti* matters to Webster Bank.

**ANSWER:    Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

188.    Pierce was required by its contractual and fiduciary relationship with Webster Bank to disclose its conflicts of interest in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:**    **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

189.    Webster Bank paid Pierce attorneys' fees and costs to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:**    **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

190.    Pierce not having a conflict of interest under Rule 1.7 of the Illinois Rules of Professional Conduct was material to Webster Bank's decision to pay Pierce to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:**    **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

191.    Pierce knew it had a conflict of interest under Rule 1.7 of the Illinois Rules of Professional Conduct in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:**    **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

192.     Pierce further knew that its failure to disclose the conflicts of interest to Webster Bank gave the false impression to Webster Bank that Pierce did not have a conflict of interest in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

193.     Pierce further knew that its failure to disclose the conflicts of interest to Webster Bank would induce Webster Bank to retain and pay Pierce to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

194.     Pierce intentionally omitted informing Webster Bank of its conflicts of interest so that Webster Bank would continue to retain and pay Pierce to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters, and potentially other mortgage foreclosure and breach of note cases.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

195.     Webster Bank justifiably relied on Pierce's omission regarding its conflicts of interest in deciding to retain Pierce to represent it in *the Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

131608501v1 0984142

196.     Webster Bank justifiably relied on Pierce's omission regarding its conflicts of interest in paying Pierce to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

197.     Pierce knew or reasonably should have known that Webster Bank would not have retained Pierce, and would not have paid Pierce, to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters if Pierce had informed Webster Bank of its conflicts of interest in those matters.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

198.     As a direct and proximate result of Pierce's failure to inform Webster Bank of its conflicts of interest in the *Nielsen, Rinaldi,* and *Allegretti* matters, Webster Bank sustained actual damage (among other things) in an amount to be proven at trial, in the form of fees and costs paid to Pierce to represent it in the *Nielsen, Rinaldi,* and *Allegretti* matters that Webster Bank would not have otherwise paid had Pierce disclosed its conflicts of interest.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

199.     Pierce's conduct was done willfully, wantonly and designedly to induce Webster Bank to retain Pierce and pay Pierce legal fees when it otherwise would not have done so. Pierce's conduct was also done with a reckless disregard of Webster Bank's interests and rights and was malicious.

**ANSWER:     Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations**

131608501v1 0984142

**contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

200. Pierce's fraudulent acts and omissions justify an award of punitive damages in additional to the actual damages sustained by Webster Bank.

**ANSWER:** **Defendant maintains that pursuant to the Court's Memorandum Opinion and Order dated October 18, 2016 (Dkt. # 47), the claim that the allegations contained in this paragraph are pled in support of has been dismissed and thus no response to this paragraph is required.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is contributorily negligent for any claim of damages.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, plaintiff has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

WHEREFORE, Defendant, Pierce & Associates, P.C. respectfully requests that judgment be entered in its favor and against Plaintiff, and that this Court enter such further relief as is just, necessary and proper.

131608501v1 0984142

Respectfully submitted,
HINSHAW & CULBERTSON LLP


*/s/ David M. Schultz*
David M. Schultz

David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
jpenn@hinshawlaw.com


## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that on January 26, 2017 I caused to be electronically filed Defendant's Answer & Affirmative Defenses to First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


*/s/ David M. Schultz*