IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBSTER BANK, N.A., | ) |
| Plaintiff, | ) Case No. 1:16-cv-2522 |
| v. | ) |
| PIERCE & ASSOCIATES, P.C., | ) |
| Defendant. | ) |

## PIERCE & ASSOCIATES, P.C.'S RESPONSE TO PLAINTIFF'S FIRST SET OFF REQUESTS FOR PRODUCTION

Defendant, PIERCE & ASSOCIATES, P.C. ("Pierce"), by and through its counsel, Hinshaw & Culbertson LLP, and for its Response to Plaintiff's First Set of Requests for Production, states as follows:

1. All Documents identified, described, or referred to by you in any answer to Webster's First Set of Interrogatories.

**RESPONSE:** Defendant agrees to produce the documents responsive to this Request.

2. All Documents reviewed, referenced, or consulted in preparing the December 30, 2014 letter from Lee Scott Perres to Francis X. Buckely, Jr.

**RESPONSE:** Defendant agrees to produce the documents responsive to this Request.

3. All engagement letters related or referring to the employment or engagement of Defendant by Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case to the extent it extends beyond the Jasinski matter in light of the order dismissing the other claims and Pierce's offers of complete relief on the all remaining claims except Jasinski. Defendant agrees to produce the documents responsive to this Request as it pertains to the Jasinski claims.

EXHIBIT A

131615579v1 0984142

4. All Documents including, but not limited to, internal and external communications, discussing, evidencing, or related to Defendant's agreement to represent Webster in mortgage foreclosure and breach of note cases.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case to the extent it extends beyond the Jasinski matter in light of the order dismissing the other claims and Pierce's offers of complete relief on the all remaining claims except Jasinski. Defendant agrees to produce the documents responsive to this Request as it pertains to the Jasinski claims.

5. All Documents including, but not limited to, internal and external communications, discussing, evidencing, or related to Defendant's representation of Webster in (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case to the extent it extends beyond the Jasinski matter in light of the order dismissing the other claims and Pierce's offers of complete relief on the all remaining claims except Jasinski. Defendant agrees to produce the documents responsive to this Request as it pertains to the Jasinski claims.

6. All Documents related or referring to Defendant's representation that it has established an "effective system to continually monitor and enhance performance and processing resulting in exceptional timeline performance and communication."

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case, unduly burdensome and overly broad in that it is not relevant, or reasonably calculated to lead to the discovery of information admissible to, the issues of liability, damages, or defenses. Defendant also objects to this Request to the extent it calls for the production of information and documents that is confidential and proprietary.

7. All Documents describing Defendant's alleged "effective system to continually monitor and enhance performance and processing."

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case, unduly burdensome and overly broad in that it is not relevant, or reasonably calculated to lead to the discovery of information admissible to, the issues of liability, damages, or defenses.

131615579v1 0984142

Defendant also objects to this Request to the extent it calls for the production of information and documents that is confidential and proprietary.

8. All contracts or agreements between Defendant and LPS related or referring to Webster, Webster's employment or engagement of Defendant, and work performed by Defendant on behalf of Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case, unduly burdensome and overly broad in that it is not relevant, or reasonably calculated to lead to the discovery of information admissible to, the issues of liability, damages, or defenses. Defendant also objects to this Request to the extent it calls for the production of information and documents that is confidential and proprietary.

9. All agreements between Pierce and McCalla Raymer, LLC related to the combining of Pierce with McCalla Raymer, LLC.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case, overly intrusive, and harassing. Defendant also objects to this Request to the extent it calls for the production of information and documents that is confidential and proprietary. Defendant finally objects to this Request as irrelevant in that it is unrelated to the time, scope, claims, defenses, or damages in this lawsuit.

10. All documents, electronically stored information, and tangible things that Pierce has it its possession, custody, or control and may use to support its defenses in this case.

**RESPONSE:** Defendant objects to this Request to the extent it seeks metadata, which burden in producing outweighs any negligible benefit. Defendant agrees to produce documents in paper or pdf form that it has in its possession, custody, or control and may use to support its defenses in this case.

11. All Documents referring or related to Jasinski.

3

**RESPONSE:** Defendant objects to this Request to the extent it seeks metadata, which burden in producing outweighs any negligible benefit. Defendant agrees to produce documents in paper or pdf form that it has in its possession, custody, or control and which refer to Jasinski.

12. All Documents referring or related to Richter.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of the offer of complete relief extended to Webster Bank to which no response was given.

13. All Documents referring or related to Urbieta.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of the offer of complete relief extended to Webster Bank to which no response was given.

14. All Documents referring or related to Nielsen.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of these claims. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings.

15. All Documents referring or related to Rinaldi.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of these claims. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings.

16. All Documents referring or related to Allegretti.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of these claims. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings.

131615579v1 0984142

17. All documents related to any actual or potential conflict of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of these claims. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings.

18. All LPS notes for (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant agrees to produce the LPS notes for Jasinski.

19. A complete copy of Defendant's file (hard copy and electronic) for (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; and (g) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Defendant agrees to produce a hard copy of its file for Jasinski.

20. A complete copy of any working file of any of Defendant's attorneys or paralegals (hard copy and electronic) for (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Finally, Defendant objects to the form of this Request because the term "working file" is not defined. Defendant agrees to produce a hard copy of its working file for Jasinski as it understands the term.

21. All notes, diary, memoranda or the like relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Moreover, Defendant objects to the form of this Request because the term "or the like" is

not defined. Finally, Defendant objects to this Request to the extent it calls for the production of documents protected by the attorney work product doctrine. Defendant agrees to produce a hard copy of notes, diary, and memoranda for the Jasinski Litigation which was not prepared in anticipation for the defense of the instant case.

22. All notes, diary, memoranda or the like memorializing any conversation between Defendant and Webster relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Finally, Defendant objects to the form of this Request because the term "or the like" is not defined. Defendant agrees to produce a hard copy of notes, diary, and memoranda memorializing conversations between it and Webster Bank related to the collection lawsuits referred to in the First Amended Complaint at Paragraphs 37 through 54, hereafter referred to as the Jasinski Litigation.

23. All notes, diary, memoranda or the like memorializing any conversation between Defendant and LPS relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant

objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Finally, Defendant objects to the form of this Request because the term "or the like" is not defined. Defendant agrees to produce a hard copy of notes, diary, and memoranda memorializing conversations between it and LPS related to the Jasinski Litigation.

24. All notes, diary, memoranda or the like memorializing any internal conversation relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Finally, Defendant objects to the form of this Request because the term "or the like" is not defined. Defendant agrees to produce a hard copy of notes, diary, and memoranda memorializing internal conversations related to the Jasinski Litigation.

25. All communications by, with, to, from, between, or among Webster and Defendant related to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims

8

in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant agrees to produce a hard copy of communications between it and Webster Bank related to the Jasinski Litigation.

26. All communications by, with, to, from, between, or among Defendant and any agent(s), employee(s), or former employee(s) of Defendant related to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; (h) conflicts of interest with Webster; and (i) maintaining the client relationship with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the form of this Request to the extent it demands Defendant make a legal conclusion as to the term "agents," which is a legal term of art. Defendant agrees to produce a hard copy of communications between it and any employees or former employees, and any agents as it understands that term, related to the Jasinski Litigation.

27. All communications by, with, to, from, between, or among Defendant and LPS related to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego

discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant agrees to produce a hard copy of communications between it and LPS related to the Jasinski Litigation.

28. All communications by, with, to, from, between, or among Defendant and third parties (other than LPS) related to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant agrees to produce a hard copy of communications between it and any third party related to the Jasinski Litigation.

29. All Documents or electronically stored information in any way evidencing or referring to any communications in any medium referencing or related to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and

Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Defendant also objects to this Request to the extent it knows of no reasonable business method by which to identify the documents responsive to this Request. Defendant agrees to produce a hard copy of documents evidencing or referencing communications related to the Jasinski Litigation.

30. All Documents or electronically stored information in any way relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Defendant also objects to this Request to the extent it knows or no reasonable business method by which to identify the documents responsive to this Request. Defendant agrees to produce a hard copy of documents related or referring to the Jasinski Litigation that it maintained.

31. All Documents prepared or created by Defendant relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego

discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. Defendant objects to the entirety of this Request to the extent it seeks metadata because the burden of producing metadata outweighs any negligible benefit. Defendant also objects to this Request to the extent it knows or no reasonable business method by which to identify the documents responsive to this Request. Defendant agrees to produce a hard copy of documents that it prepared or created that relate or refer to the Jasinski Litigation that it maintained.

32. All legal research relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest in Nielsen, Rinaldi, or Allegretti.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case in light of dismissal of all claims related to Nielsen, Rinaldi, Allegretti, and/or Webster's claims in this lawsuit concerning conflicts of interest with Webster. Webster Bank has agreed to forego discovery on these claims in light of the current pleadings. As to the remaining Request, Defendant objects as disproportionate to the needs of the case as the Request extends to Richter and Urbieta in light of offer of complete relief extended to Webster Bank on the claims related to Richter and Urbieta, to which no response has been given. As to Jasinski and the Jasinski Litigation, Defendant states that it has no documents responsive to this Request.

33. All documents related or referring to any system, policies, or procedures used or adopted by Pierce for litigation matters to determine the person and issues involved, to identify conflicts of interest, and to ensure that Pierce is in compliance with the Illinois Rules of Professional Conduct.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because

131615579v1 0984142

it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

34. All policies and procedures relating to identifying and handling conflicts of interest between January 1, 2009 and the present.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

35. All Documents related or referring to any conflict searches performed by Defendant in (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

36. All Documents Pierce claims represent informed consent by Webster to a conflict of interest in any matter where Pierce represented Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

37. All Documents related or referring to bankruptcy searches performed by Defendant in (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because

131615579v1 0984142

it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

38. All Documents related or referring to any pre-filing research performed by Defendant in (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states that as to the Jasinski Litigation, it has no documents related to pre-filing research.

39. All recordings, voicemails, or videos relating or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it has no responsive documents.

40. All calendar, journal, or docket entries related or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant also objects to the form of this Request as it uses terms that are capable of multiple and varied definitions and

interpretations, including legal ones. Defendant agrees to produce the documents responsive to this Request as it pertains to the Jasinski Litigation as it understands the terms.

41. All notes from any internal meetings related or referring to (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; (f) Allegretti; (g) Webster's claims in this lawsuit; and (h) conflicts of interest with Webster.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it has no responsive documents other than the file notes associated with Jasinski, which Defendant agrees to produce.

42. All audio or video recordings of any employee or representative of Webster.

**RESPONSE:** Defendant objects to this Request as disproportionate to the needs of the case and irrelevant in that it is not reasonable calculated to lead to the discovery of information admissible on the issues of liability or damages.

43. All Documents evidencing or referencing fees (including billable hours or flat fees) charged to Webster (including, but not limited to, internal timekeeper descriptions or draft billing statements) on (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it will produce documents responsive to this Request.

44. All Documents evidencing, referencing, or recording work performed by Defendant on behalf of Webster in (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

15

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it will produce documents responsive to this Request.

45. All invoices or billing statements for (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it will produce documents responsive to this Request.

46. All Documents that evidence or relate to any analysis of Defendant's potential liability to Webster.

**RESPONSE:** Defendant objects to the extent this Request calls for the production of documents protected by the attorney work product doctrine. Defendant states none that are nor protected by the attorney work product doctrine.

47. All Documents evidencing payments made to Defendant by Webster on (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Defendant states as to the Jasinski Litigation, it will produce documents responsive to this Request.

131615579v1 0984142

48. All Documents submitted to the ARDC by Defendant as part of the claim filed by Webster.

**RESPONSE:** Defendant objects to this Request because it calls for information which is confidential and which disclosure would violate Illinois Supreme Court Rule 766. Defendant also objects on the grounds it is not proportional to the needs of the case.

49. A copy of the employment file for each of Defendant's attorneys and paralegals that worked on (a) Jasinski; (b) Richter; (c) Urbieta; (d) Nielsen; (e) Rinaldi; and (f) Allegretti.

**RESPONSE:** Defendant objects to this Request as not proportional to the needs of the case in light of the dismissal of claims. Defendant also objects to this Request as irrelevant because it is not reasonably limited in time and scope, and it not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.

50. Any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the above-captioned action or to indemnify or reimburse Defendant or any of its shareholders for payments made to satisfy such a judgment.

**RESPONSE:** Defendant objects to the production of the policy on the grounds it is irrelevant in that there is no issue or dispute with respect to coverage. Defendant will produce the declaration page evidencing the limits of liability.

51. All Documents related or referring to any internal investigation by Defendant of the allegations in the Complaint.

**RESPONSE:** Defendant objects to the extent this Request seeks documents protective by the work product doctrine. Defendant states none other than those prepared by its attorneys and in anticipation of this litigation.

52. All current financial statements, audited or otherwise, for Pierce.

**RESPONSE:** Defendant objects to this Request as unduly burdensome, overly intrusive, harassing and disproportionate to the needs of the case. Defendant also objects on the ground that this Request seeks confidential and proprietary information.

53. All appraisals, estimates or other statements of the fair market value of the assets and liabilities of Pierce along with the means or methodology of determining said market value and the purpose for which said fair market value was calculated.

**RESPONSE:** Defendant objects to this Request as unduly burdensome, overly intrusive, harassing and disproportionate to the needs of the case. Defendant also objects on the ground that this Request seeks confidential and proprietary information.

54. A current balance sheet for Pierce.

**RESPONSE:** Defendant objects to this Request as unduly burdensome, overly intrusive, harassing and disproportionate to the needs of the case. Defendant also objects on the ground that this Request seeks confidential and proprietary information.

55. A complete copy of Pierce's 2015 and 2016 Federal and State tax returns.

**RESPONSE:** Defendant objects to this Request as unduly burdensome, overly intrusive, harassing and disproportionate to the needs of the case. Defendant also objects on the ground that this Request seeks confidential and proprietary information.

56. All Documents supporting any of Defendant's Affirmative Defenses.

**RESPONSE:** Defendant will produce documents responsive to this Request.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Justin M. Penn*
Justin M. Penn

David M. Schultz
Justin M. Penn
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001

131615579v1 0984142

## CERTIFICATE OF SERVICE

    Candy Velazquez, a non-attorney, being first duly sworn on oath depose and state that I served the foregoing ***Pierce & Associates, P.C.'s Response to Plaintiff's Requests for Production*** was served by e-mail and depositing the same in the U.S. Mail at 222 North LaSalle Street, Chicago, Illinois, with proper postage prepaid before 5:00 p.m. on January 31, 2017 to:

Christopher M. Hohn
David Michael Mangian
Thompson Coburn LLP
One Us Bank Plaza
Suite 2500
Saint Louis, MO 63101
Fax: (314) 552-7000

Todd A. Rowden
Caroline Pritikin
Thompson Coburn LLP
55 E. Monroe
37th Floor
Chicago, IL 60603
Fax: (312) 782-1030

Under penalties as provide by law pursuant to
735 ILCS 5/1-109, I certify that the statements
set forth herein are true and correct

131615579v1 0984142

## VERIFICATION

The undersigned, Lee Perres, deposes and states that he has read the foregoing **Pierce & Associates, P.C.'s Responses to Plaintiff's First Requests for Admissions, Pierce & Associates, P.C.'s Answer to Plaintiff's First Set of Interrogatories,** and **Pierce & Associates, P.C.'s Response to Plaintiff's First Set of Requests for Production** by him subscribed, and that the same are true and correct to the best of his knowledge and belief.

Name: Lee Perres
Former Managing Partner
Pierce & Associates, P.C.