# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Webster Bank, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-2522 |
| ) | |
| Pierce & Associates, P.C., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF WEBSTER BANK, N.A.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION**

COMES NOW Plaintiff Webster Bank, N.A. and for its responses and objections to Defendant Pierce & Associates, P.C.'s Request for Production, states as follows:

## I. GENERAL OBJECTIONS

A. Webster objects to Defendant's Requests to the extent they are disproportionate to the needs of the case.

B. Webster objects to Defendant's Requests to the extent they are vague, ambiguous, and incapable of reasonable ascertainment.

C. Webster objects to Defendant's Requests to the extent they seek documents protected from disclosure by the attorney-client privilege, the work-product doctrine, and any other applicable privilege.

D. Webster objects to Defendant's Requests to the extent they seek documents that are not relevant to any of the claims or defenses in this case.

E. Webster objects to Defendant's Requests to the extent they purport to impose obligations upon Webster that are inconsistent with or in addition to those obligations imposed by the Federal Rules of Civil Procedure.

The foregoing General Objections are incorporated into each of the specific responses and objections below as if fully set forth therein.

Webster submits its Responses to Defendant's Requests only with regard to the portions of its claims remaining in the case after the Court's ruling on Defendant's Motion to Dismiss. *See* ECF 47. In doing so, Webster does not waive its right to appeal the Court's dismissal order, or to pursue the portions of its claims that were dismissed by the Court should the Court's order be reversed. Webster expressly reserves all of its rights related to any of the portions of its claims that were dismissed by the Court, including the right to supplement these Responses if and when appropriate should any portion of its claims be reinstated after appeal or otherwise.

## II. REQUESTS FOR PRODUCTION

1. Where a party has given a statement to some person or entity other than his, her or its attorney or insurer, said statement shall be produced by the person or entity to whom it was given or transferred.

   **RESPONSE: Webster objects to this Request on the grounds that it is vague and ambiguous in the use of the term "statement." Webster also objects on the grounds that this Request is disproportionate to the needs of the case in that it is overly broad, unduly burdensome, unlimited in scope and time, and seeks documents that are not relevant to any of the claims or defenses in this case. This Request is not a request for production of documents, but rather seems to be an attempt to state the law. Even giving Defendant the benefit of the doubt that this is a valid request for production of documents, it still does not identify what "statements" and by whom it is purportedly requesting.**

2. The statement of any other witness, expert parties to this action, non-treating experts or other participants who may yet be sued because of the occurrence alleged.

   **RESPONSE: Webster objects to this Request on the grounds that it is vague and ambiguous with regard to the use of the terms "statements," "other witnesses," "expert**

all persons interviewed" that identifies "any notes, writings, diagrams or recordings of any kind were taken of said interviews" and the "person presently having possession" of those items.

4. All documents in any way related to the allegations made or defenses asserted by any party in the Jasinski Litigation, including but not limited to all pleadings, correspondence, filings, discovery requests and/or responses, correspondence, research, bills, or any other document in any way related and/or referring to the Jasinski litigation.

**RESPONSE:** Webster objects to this Request on the grounds that it seeks production of documents protected by the attorney-client privilege and work product doctrine. Webster also objects to this request on the grounds that it is disproportionate to the needs of the case in that it seeks documents that are not relevant to any of the claims or defenses in this case, and that are equally, if not more, available to Defendant. Subject to and without waiving the foregoing objections, Webster will produce non-privileged documents responsive to this Request that are in its possession, custody, or control located after a reasonably diligent search of its records.

5. The entire file related to the Jasinski Litigation from any/or all attorneys and/or law firms who represented or consulted with the Bank.

**RESPONSE:** Webster objects to this Request on the grounds that it seeks documents and information protected by the attorney-client privilege and work-product doctrine. Webster also objects to this Request on the grounds that it is vague and ambiguous in its use of the term "file" and that it is disproportionate to the needs of the case in that it seeks documents that are not relevant to any of the claims or defenses in this case. Webster also objects to this Request on the grounds that it seek documents from third parties that are not in Webster's possession. The non-privileged documents in Thompson Coburn LLP's file relevant to the claims and defenses in this case were filed with the Court and are therefore publicly available and equally available to Defendant.

Subject to and without waiving the foregoing objections, Webster will produce copies of the Court file in Case Nos. 10 L 1972, 12 L 6848, and 12 L 10056 that are in its possession.

6. A list giving the names, addresses and specialties of all expert witnesses (other than non-treating, purely consultant experts who are not to testify at trial).

RESPONSE: Webster objects to this Request on the grounds that it is premature. Webster also objects to this Request on the grounds that it is not a proper request for production of documents under Federal Rule of Civil Procedure 34, and that it seeks to impose obligations on Webster beyond those required by the Federal Rules of Civil Procedure. This Request does not seek production of documents, but purports to require Webster to create some sort of "list" that includes the "name, addresses and specialties of all expert witnesses." Subject to and without waiving the foregoing objections, Webster states that it will disclose its expert(s) in accordance with Federal Rule of Civil Procedure 26 at the time identified by the Court for disclosure of experts.

7. Copies of reports from all experts.

RESPONSE: Webster objects to this Request on the grounds that it is premature and seeks to impose obligations on Webster beyond those required under the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objection, Webster states that it will provide copies of expert reports to the extent required by Federal Rule of Civil Procedure 26 at the time identified by the Court for disclosure of experts.

8. Copies of all correspondence between the Bank and Pierce related or referring to the Jasinski Litigation.

RESPONSE: Webster objects to this Request on the grounds that it is disproportionate to the needs of the case in that it seeks documents that are not relevant to any of the claims and defenses in this case. Subject to and without waiving the foregoing objection, Webster states that it will produce all communication between it and Defendant

related to the Jasinski Litigation no matter if they are relevant to the claims and defenses in this litigation or not. Subject to and without waiving the foregoing objections, Webster states that it will produce all non-privileged/non-protected documents and communication related to the Jasinski Litigation that are in its possession, custody, and control located after a reasonably diligent search of its records.

12. A documents showing any and all attorneys who represented the Bank with respect to any matter involving or relating in any way to the Jasinski Litigation.

   **RESPONSE:** Webster objects to this Request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. Webster also objects to this Request on the grounds that it is disproportionate to the needs of the case in that it is vague, ambiguous, and seeks documents that are no relevant to any of the claims and defenses in this case. Read literally this Request seeks any document that includes the name of any attorney who represented Webster in any capacity in the Jasinski Litigation. This Request is also disproportionate in that it seeks documents that are equally, if not more, available to Defendant. Subject to and without waiving the foregoing objections, Webster refers Defendant to the publicly available pleadings filed in Case Nos. 10 L 1972, 12 L 6848, and 12 L 10056.

13. All documents, reports, memoranda, notes, correspondence, checks, bills, invoices, tax filings, bank statements, income statements, balance sheets, or other documentary material related to the promissory notes related to the Jasinski Litigation as referred to in Paragraph 53 of the First Amended Complaint.

   **RESPONSE:** Webster objects to this Request on the grounds that it is disproportionate to the needs of the case in that it seeks documents that are not relevant to the claims and defenses in this case and is not limited to an applicable time period. This Request ostensibly seeks every document related in any way to the promissory note