# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Webster Bank, N.A., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:16-cv-2522 |
| Pierce & Associates, P.C., | ) ) |
| Defendant. | ) |

**PLAINTIFF WEBSTER BANK, N.A.'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff Webster Bank, N.A. and for its answers and objections to Defendant Pierce & Associates, P.C.'s First Set of Interrogatories, states as follows:

### I. GENERAL OBJECTIONS

A. Webster objects to Defendant's Interrogatories to the extent they are disproportionate to the needs of the case.

B. Webster objects to Defendant's Interrogatories to the extent they are vague, ambiguous, and incapable of reasonable ascertainment.

C. Webster objects to Defendant's Interrogatories to the extent they seek documents and information protected from disclosure by the attorney-client privilege, the work-product doctrine, and any other applicable privilege.

D. Webster objects to Defendant's Interrogatories to the extent they seek information that are not relevant to the claims and defenses in this case.

E. Webster objects to Defendant's Interrogatories to the extent they purport to impose obligations upon Webster that are inconsistent with or in addition to those obligations imposed by the Federal Rules of Civil Procedure.

The foregoing General Objections are incorporated into each of the specific responses and objections below as if fully set forth therein.

Webster submits its Answers to Defendant's Interrogatories only with regard to the portions of its claims remaining in the case after the Court's ruling on Defendant's Motion to Dismiss. *See* ECF 47. In doing so, Webster does not waive its right to appeal the Court's dismissal order, or to pursue the portions of its claims that were dismissed by the Court should the Court's order be reversed. Webster expressly reserves all of its rights related to any of the portions of its claims that were dismissed by the Court, including the right to supplement these Interrogatories if and when appropriate should any portion of its claims be reinstated after appeal or otherwise

## II. **INTERROGATORIES**

1. State the full name, present residence address, and date of birth of the person(s) providing the responses to these interrogatories.

**ANSWER: Webster objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case in that it seeks information (i.e., the date of birth and present residence address of the corporate representative assisting counsel for Webster in preparing answers to these Interrogatories) that is not relevant to any of the claims or defenses in this case. Subject to and without waiving the foregoing objection, Webster states that these answers were prepared by counsel for Webster with assistance from Joseph Raad – Vice President, Restructure and Recovery. Mr. Raad may be contacted only through undersigned counsel.**

2. For each discussion, conference, or any other communications the Bank had in person or by telephone with the Pierce or any employee or other agent of Pierce concerning the Jasinski Litigation, identify and list:

    a. the date, time, and place of each said conference or discussion;

    b. the topics and subjects discussed at each said conference or discussion;

2

record a release of the memorandum of judgment in the *Urbieta* matter (approximately $604.94).

Webster is continuing its investigation and has not completed discovery. Therefore, Webster expressly reserves the right to supplement these damages upon receipt and review of the documents provided by Defendant or any third party as part of its disclosures or in response to discovery requests, and in light of further investigation in this case.

  6. State the name and address of all lawyers, attorneys, or other legally trained individuals whom the Bank has consulted or retained as the result of the facts alleged in the Complaint concerning the Jasinski Litigation, and the dates of each consultation or subsequent retention.

  <u>ANSWER:</u> Webster objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege. Webster also objects to this Interrogatory on the grounds that it is disproportionate to the needs of the case in that it seeks information that is not relevant to the claims or defenses in this case. Subject to and without waiving the foregoing objections, Webster states that it consulted and retained Thompson Coburn LLP as a result of Defendant's malpractice and misconduct in the Jasinski Litigation.

  7. State all bills or items of expense received by the Bank from all lawyers, attorneys, or other legally trained individuals claimed by the Bank to have been incurred as the result of the facts alleged in the Complaint, specifying the amount of each bill and stating whether or not said bills have been paid.

  <u>ANSWER:</u> Webster objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving the foregoing objections, and pursuant to Federal Rule of Civil Procedure 33(d), Webster refers Defendant to the documents produced in response to Defendant's Request for Production.

  8. State the name, address, and identity of all persons known to the Bank or its attorneys who have knowledge of any of the facts alleged in the Complaint.