IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBSTER BANK, N.A., | ) |
|     *Plaintiff*, | ) ) ) ) |
| v. | ) No. 16 C 2522 ) |
| PIERCE & ASSOCIATES, P.C., | ) Judge Virginia M. Kendall ) |
|     *Defendant*. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Webster Bank, N.A. ("Webster") filed this action against Defendant Pierce & Associates, P.C. ("Pierce"). Webster's First Amended Complaint brought claims of professional negligence, breach of contract, breach of fiduciary duty, and common law fraud. (Dkt. 24). Pierce filed a Motion to Dismiss (Dkt. 30) which was subsequently granted in part. (Dkt. 47). Webster has now filed a Motion for Partial Summary Judgment pertaining to Pierce's First, Second, and Third Affirmative Defenses. (Dkt. 137). Pierce moved for summary judgment on all remaining claims against it. (Dkt. 139). For the reasons stated within, Pierce's Motion for Summary Judgment is denied, and Webster's Motion for Partial Summary Judgment is rendered moot.

## BACKGROUND

On March 8, 2006, Kristin Jasinski obtained a loan from Webster in the amount of $138,000 and signed a promissory note payable to Webster. (Dkt. 146, ¶

3).  Jasinski failed to make her scheduled monthly payment on the loan on March 25, 2009 and defaulted on the note.  *Id.* at ¶ 4.  Webster sent Jasinski a default notice via mail on May 20, 2009 with a deadline of June 19, 2009 to make her payment.  *Id.* at ¶ 5.  The letter indicated that if Jasinski did not meet the June 19 deadline, Webster may elect to immediately accelerate all payments due on the note.  *Id.*  Jasinski never made the required payment and on September 21, 2009, Webster informed Jasinski that the debt was accelerated and the matter was being referred to Pierce.  *Id.* at ¶¶ 6-7.

Pierce accepted Webster's referral of the Jasinski matter and filed a complaint against Jasinski in the Circuit Court of Cook County, Illinois on February 16, 2010 seeking the unpaid principal balance on the loan in the amount of $135,000.  *Id.* at ¶¶ 10-11.  Pierce voluntarily dismissed the complaint on April 20, 2011.  *Id.* at ¶ 14.

Pierce then filed a second lawsuit against Jasinski on June 19, 2012.  *Id.* at ¶ 15.  This second lawsuit again sought the remaining principal balance of the loan, $135,000.  *Id.* at ¶ 16. On September 5, 2012, the Circuit Court dismissed the second lawsuit for want of prosecution.  *Id.* at ¶ 18.  Pierce successfully obtained an order vacating the dismissal for want of prosecution on May 1, 2013.  *Id.* at ¶ 19.  Ultimately, this second lawsuit was again dismissed by the Circuit Court for want of prosecution on July 9, 2013.

Pierce commenced a third lawsuit against Jasinski on September 9, 2013.  *Id.* at ¶ 23.  Again, this lawsuit sought the remaining principal balance of the loan, $135,000.  *Id.* at ¶ 24.  All three of Pierce's lawsuits against Jasinski sought the same

loan balance. *Id.* at ¶ 25. On February 14, 2014, Jasinski moved to dismiss the third lawsuit on the grounds that it violated the Illinois single refiling rule (735 Ill. Comp. Stat. Ann. 5/13-217). *Id.* at ¶ 27.

On January 31, 2014, Pierce filed a motion seeking to vacate the July 9, 2013 dismissal of the second lawsuit. *Id.* at ¶ 26. The Circuit Court granted this motion on February 26, 2014 and at the same time granted Pierce's oral motion to voluntarily dismiss the second lawsuit without prejudice. *Id.* at ¶ 39. Pierce did not inform Webster that the second lawsuit was dismissed. *Id.* at ¶ 40.

Webster obtained new counsel, Thompson Coburn LLP, in April 2014 in an attempt to vacate the dismissal of the second lawsuit and oppose Jasinski's motion to dismiss the third lawsuit. *Id.* at ¶ 46. Thompson Coburn filed a motion to reinstate and vacate the dismissal of the second lawsuit and filed an opposition brief to Jasinski's motion to dismiss the third lawsuit. *Id.* at ¶ 47. Pierce played no role in responding to the motion to dismiss or the motion to reinstate and vacate. (Dkt. 149, ¶22). The response did not advance any argument that a promissory note presented a unique set of circumstances exempt from the Illinois single refiling rule. *Id.* at ¶ 20. Nor did it argue that Pierce did not have Webster's consent to dismiss the second lawsuit or that Webster was misled by Pierce. (Dkt. 153, ¶¶ 3-4). On July 11, 2014, the Circuit Court denied Thompson Coburn's motion to reinstate and vacate the dismissal and granted Jasinski's motion to dismiss. based on the Illinois single refiling rule. (Dkt. 146, ¶ 47). During this time, at least one Pierce attorney was aware of the Illinois single refiling rule and that there were no applicable exceptions.

*Id.* at ¶ 44. Later, in April 2016, Pierce acknowledged in a letter to the Illinois Attorney Registration and Disciplinary Commission that the "case law was clear about the inability to re-file a case after two voluntary dismissals." *Id.* at ¶ 48.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sorensen v. WD-40 Co.,* 792 F.3d 712, 722 (7th Cir. 2015). In determining whether a genuine issue of fact exists, the Court must take the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the Court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Anderson,* 477 U.S. at 248.

**DISCUSSION**

**I. Pierce's Motion for Summary Judgment**

On Summary Judgment, Pierce argues that Webster's claims of recovery against Jasinski were alive and well when Pierce withdrew from the Jasinski matter and Thompson Coburn took over. Pierce suggests that the Illinois single refiling rule did not serve to bar the third lawsuit due to the unique characteristics of promissory notes—that each default is a separate and distinct set of circumstances giving rise to an independent cause of action. Consequently, Pierce lays blame at the feet of Thompson Coburn for not pursuing such an argument in its response to Jasinski's effort to dismiss the third lawsuit. Whether the claim against Jasinski was still viable at the time the third lawsuit was filed is therefore outcome determinative of the present Motion pending before the Court.

Pierce and Webster are in agreement that the issue of viability is a question of law for the Court to determine. (Dkt. 141, pg. 4); (Dkt. 148, pgs. 2-3). Issues regarding duty and causation are questions of law and fit squarely within the province of the Court's authority. *In re Estate of Powell,* 382 Ill.Dec. 14, 21 (2014) ("Whether a legal duty exists is a question of law to be determined by the court."); *Governmental Interinsurance Exchange v. Judge,* 221 Ill.2d 195, 195 (2006) ("[T]he issue of proximate cause in an appellate legal malpractice action is inherently a question of law for the court and not a question of fact for the jury.").

The Illinois single refiling rule provides that if:

> the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** the plaintiff, his or her heirs,

> executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff.

735 Ill. Comp. Stat. Ann. 5/13-217. This provision is understood to "permit[] one, and only one, refiling of a claim." *Flesner v. Youngs Development Co.,* 145 Ill.2d 252, 254 (1991). The single refiling rule is considered to be an extension of *res judicata*. *Carr v. Tillery,* 591 F.3d 909, 915 (7th Cir. 2010) ("The one-refiling rule is thus the extension of the doctrine of *res judicata* to a class of cases in which the decision deemed to be *res judicata* is a dismissal without prejudice.") (citing *D'Last Corp v. Ugent,* 288 Ill.App.3d 216, 220 (1997)). And issues concerning *res judicata* analysis are similarly questions of law within the realm of the Court's authority. *Venturella v. Dreyfuss,* 2017 IL App (1st) 160565, ¶27 ("[T]he issue of whether a claim is barred by *res judicata* is an issue of law that mandates *de novo* review by this court.")

In the context of a legal malpractice action, the relevant law is that of when the alleged malpractice occurred. *A.O. Smith Corp. v. Lewis, Overbeck & Furman,* 979 F.2d 546, 549 (7th Cir. 1992) ("Both Illinois law governing legal malpractice actions and common sense suggest that an attorney's performance at trial must be evaluated by the state of the jurisprudence at the time of trial."); *O'Brien v. Noble,* 107 Ill.App.3d 126, 130 (1982) (An attorney's "conduct is to be viewed in the context of events at the time of the alleged malpractice, not in the light of subsequent developments."). "[I]t is nevertheless quite unrealistic to judge lawyers in a malpractice action by decisions that have not yet been handed down." *A.O. Smith,* 979 F.2d at 549. Requiring otherwise would simply be impracticable.

With these principles in mind, the question becomes whether the jurisprudential understanding of *res judicata* and the Illinois single refiling rule, without the benefit of years of hindsight, permitted a second refiling of the promissory note lawsuit against Jasinski. The Illinois Supreme Court's recent decision in *First Midwest Bank v. Cobo* provides a helpful starting point. Though the November 2018 opinion obviously post-dates the alleged malpractice here, the opinion discusses the operative Illinois law at times relevant to the issues present here. *Cobo* reaffirmed that *res judicata* provides the appropriate analytical tools for determining whether two causes of action are the same for purposes of the single refiling rule. *First Midwest Bank v. Cobo,* 2018 IL 123038, ¶ 18 ("Although this court has not yet spoken on this issue, multiple districts of the Illinois Appellate Court have agreed to use the same analysis to determine whether two suits assert the same cause of action for the purposes of the single refiling rule as they use for *res judicata. See, e.g., Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 21, 416 Ill.Dec. 208, 83 N.E.3d 1045; *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 22, 362 Ill.Dec. 1, 972 N.E.2d 716; *Schrager v. Grossman*, 321 Ill. App. 3d 750, 755, 256 Ill.Dec. 456, 752 N.E.2d 1 (2000); *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 220, 224 Ill.Dec. 30, 681 N.E.2d 12 (1997)."). The court in *Cobo* simply applied the same "transactional test" rule that Illinois appellate courts have "consistently followed." *Id.* The transactional test "treats separate claims as the same cause of action if they arise from a single group of operative facts." *Id.* at ¶ 19 (internal quotations omitted). As applied by Illinois courts, the transactional test, is a broad standard encompassing causes of action with

overlapping facts "regardless of whether they assert different theories of relief" and "even if there is not substantial overlap of evidence." *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 307 (1998).

In *Cobo,* all three complaints at issue sought judgment for the same principal loan amount and "the litigants' rights under the note were at issue in all three proceedings." *Cobo,* 2018 IL 123038, ¶¶20, 32. Though the facts here differ slightly from those seen in *Cobo,* sufficient similarities exist such that the result is effectively the same. There is no dispute between the parties that all three of the lawsuits against Jasinski sought recovery of the same principal loan amount. (Dkt. 146, ¶ 25). Accordingly, there is little doubt that each of the three Jasinski lawsuits arise from the same set of operative facts. *See e.g., Deutsche Bank Nat'l Tr. Co. v. Cornish,* 2013 WL 6701736, at *3 (N.D. Ill. Dec. 19, 2013) ("[T]he cause of action would be the same because it would arise from the same group of operative facts under the broad Illinois standard."). Pierce advocates for a significantly narrower interpretation of the transactional test which would result in the unsustainable situation in which Webster's claims "would never be barred by any prior adjudication as long as the Bank can vary its complaints ever-so-slightly by changing a default date." *Skibbe v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.,* 2017 WL 2506405, at *7 (N.D. Ill. June 9, 2017). The three Jasinski lawsuits all sought recovery for the same remaining principal amount based off of the same promissory note and the same default. The conclusion that the lawsuits all arose from the same operative set of facts is inescapable under Illinois' broad transactional test. Thus, Webster's claims

against Jasinski were no longer viable due to the Illinois single refiling rule when Thompson Coburn replaced Pierce in the litigation.

Having determined that the Illinois single refiling rule applied with equal force in the promissory note context and therefore the claim was not viable at the time Thompson Coburn assumed responsibility over the action, the inquiry turns to the applicable standard of care and whether Pierce breached that standard. However, this is not a question for the Court to decide. Rather, "the determination of whether an attorney has exercised the requisite level of care and skill in a particular case is a question of fact to be determined by the jury." *See e.g., Kirkland & Ellis v. CMI Corp.,* 1999 WL 92257, at *13 (N.D. Ill. Feb. 11, 1999). The standard of care at the time is generally established at trial through the development of expert testimony. *Sheetz v. Morgan,* 98 Ill.App.3d 794, 799 (1981) ("Rather, expert legal testimony is necessary to establish the prevailing standard of care for attorneys in the community in 1974 for the type of services requested …"); *see also Kirkland & Ellis,* 1999 WL 92257, at *13 ("The standard of care against which a legal malpractice attorney's conduct will be measured must generally be established through expert testimony."). The Court is not permitted to simply exercise its judgment and independent knowledge of the law in deciding whether the standard of care was breached. *Sheetz,* 98 Ill.App.3d at 799. The court can only do so "where the common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts, or where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it…" *Barth v. Reagan,* 139 Ill.2d 399, 407 (1990). The

promissory note collection and litigation practice area is simply not of the areas of law ingrained in the collective knowledge of laypersons. Therefore, the question of fact regarding the applicable standard of care and whether Pierce breached that standard is one reserved for expert testimony at trial.

Pierce also moved for summary judgment to the extent that Webster sought attorneys' fees and costs associated with the prosecution of this action. However, in its response, Webster concedes it "is not seeking to recover its attorneys' fees and costs incurred in prosecuting this lawsuit from Defendant." (Dkt. 148, pg. 15). Having clarified the issue and withdrawn any such entitlement to attorneys' fees and costs, the Court views this issue as resolved and does not address summary judgment on this point.

**II. Webster's Motion for Partial Summary Judgment**

Webster moves for partial summary judgment on Pierce's first, second, and third Affirmative Defenses for contributory negligence, failure to mitigate, and statute of limitations, respectively. The statute of limitations affirmative defense is no longer at issue. Pierce has stipulated to the fact that it will not be pursuing the statute of limitations defense as it pertains to the Jasinski lawsuits. (Dkt. 147, pg. 1). Webster seeks summary judgment on the remaining two defenses in an effort to "bar[] Defendant from presenting evidence and arguing at trial that Webster is contributorily negligent and/or failed to mitigate its damages because (1) it directed Defendant to dismiss the Second Lawsuit, and (2) Webster's claim against Ms. Jasinski was viable after the February 26, 2014, dismissal of the Second Lawsuit."

(Dkt. 152, pg. 1). Much like the statute of limitations defense, the Motion for Partial Summary Judgment as to whether Webster directed Pierce to dismiss the second lawsuit is no longer applicable. Pierce unequivocally states in its briefing "[t]he affirmative defenses are not based upon Webster directing the dismissal of the *Jasinski* claims." (Dkt. 147, pg. 1). Instead, Pierce's Affirmative Defenses are based on "the theory that the Illinois Savings Statute does not apply to promissory notes. They are based upon the conduct of successor counsel, and the strategic decisions they made, which resulted in the loss of the right to pursue claims against Jasinski." *Id.* at pgs. 1-2. In short, the two remaining Affirmative Defenses hinge on the viability of the claims at the time that Thompson Coburn came on as counsel. Thus, having determined the unviability of the claim *supra,* the contributory negligence and failure to mitigate defenses are rendered moot.

## CONCLUSION

For the reasons mentioned above, Pierce's Motion for Summary Judgment is denied, and Webster's Motion for Partial Summary Judgment is rendered moot.

_____
Virginia M. Kendall
United States District Judge

Date: March 14, 2019