UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBSTER BANK, N.A., <br> a national banking association, <br><br> Plaintiff, <br><br> vs. <br><br> PIERCE & ASSOCIATES, P.C., <br><br> Defendant. | ) <br> ) <br> )    Case No.: 1:16-cv-2522 <br> ) <br> )    District Judge: Mary M. Rowland <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**WEBSTER BANK'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM RECOVERING PREJUDGMENT INTEREST**

Defendant's argument that Webster cannot recover prejudgment interest (ECF 180)[1] is directly contrary to the Supreme Court of Illinois' decision in *Goldfine v. Barack, Ferrazzano, Kirschbaum & Perlman*, 18 N.E.3d 884 (Ill. 2014). In *Goldfine*, the legal malpractice defendants, like Defendant here, argued that recovery of prejudgment interest is prohibited in Illinois legal malpractice cases by *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389 (Ill. 2006). The Supreme Court of Illinois rejected that argument (*see id.*, at 895) and allowed the legal malpractice plaintiff to recover statutory prejudgment interest on its entire securities investment under the Illinois Securities Law. *Id.*, at 897-899. The Court expressly found *Tri-G* to be "distinguishable on this point" because "the [statutory prejudgment] interest [sought by the legal malpractice plaintiffs] is a component of the remedial relief that plaintiffs would have recovered under the

---

[1] Defendant's argument—which essentially seeks the entry of partial summary judgment—is improperly presented as a motion *in limine*. Motions *in limine* are limited to evidentiary issues. *See CDX Liquidating Tr. ex rel. CDX Liquidating Trusee v. Venrock Associates,* 411 B.R. 571, 578 (N.D. Ill. 2009) ("A motion *in limine* is a request for the court's guidance concerning an evidentiary question. The Court may give such guidance by issuing a preliminary ruling regarding admissibility.") (citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999)) (internal citations omitted). The deadline for filing motions for summary judgment has long since passed. *See* ECF 132 ("Dispositive Motions with supporting memoranda shall be filed by 6/22/2018.")

Illinois Securities Law if defendants had not negligently failed to preserve plaintiffs' claim." *Goldfine*, 18 N.E.3d at 895. The Supreme Court of Illinois' holding in *Goldfine* is on point and requires this Court to deny Defendant's Motion because the prejudgment interest sought by Webster is a component of the relief it would have recovered in the underlying action but for Defendant's negligence.

Webster is suing Defendant for legal malpractice under Illinois law as a result of Defendant's negligent handling of a suit-on-note claim against Kristen Jasinski. The measure of damages in a legal malpractice case in Illinois is "the actual amount the plaintiff would have recovered had he been successful in the underlying case." *Goldfine*, 18 N.E.3d at 895 (*citing Eastman v. Messner*, 721 N.E.2d 1154, 1158 (Ill. 1999)). The damages Webster would have recovered from Ms. Jasinski if it had been successful in the underlying suit-on-note claim would have included interest from the date of Ms. Jasinski's default to the date of judgment under the terms of Ms. Jasinski's loan agreement[2] or the Illinois Interest Act. *See* Exhibit 1, p. 3 (finance charge calculated by applying the periodic rate (maximum 18% and minimum 3%) to the Daily Balance of the loan); *First Alrington Nat. Bank. v. Stathis*, 450 N.E.2d 833, 843 (Ill. App. Ct. 1983) (stating prejudgment interest "is recoverable only on the basis of contract or statute"); 815 ILCS 205/2 ("Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any . . . promissory note . . . . In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor."). Defendant is well aware of this fact having sought to recover

---

[2] The loan agreement also allows Webster to recover "collection costs and attorneys' fees" in the case of default. *See* Exhibit 1, p. 4.

such interest from Ms. Jasinski in each of the four complaints it filed against her. *See* Exhibit 2 (copies of all four complaints seeking to recover the unpaid principal balance of the loan "plus interest through date of judgment").

The prejudgment interest Webster could have recovered under the terms of the loan agreement or the Illinois Interest Act from Ms. Jasinski is directly analogous to the statutory interest the Supreme Court of Illinois allowed the legal malpractice plaintiff in *Goldfine* to recover under the Illinois Securities Law. In both cases, the interest is part of the remedial relief that would have been recovered in the underlying actions had the defendants not negligently failed to preserve the claims. *See Goldfine*, 18 N.E.3d at 895; 815 ILCS 205/2. In *Goldfine*, the statutory interest was calculated from the "date of payment for the securities" through the date the underlying action was finally concluded. *See Goldfine*, 18 N.E.3d at 898-99. Similarly, in this case, the prejudgment interest Webster seeks to recover is calculated from the date of Ms. Jasinski's default (March 25, 2009) through the date judgment would have been entered on the underlying suit-on-note claim. *See* Exhibit 1, p. 3; 815 ILCS 205/2.

Defendant's reliance on *Tri-G* is misplaced because Webster's claim for prejudgment interest relates to the prejudgment interest it would have recovered under the terms of the loan agreement or 815 ILCS 205/2 in the underlying claim against Ms. Jasinski had Defendant not been negligent, not hypothetical interest. The Appellate Court of Illinois's explained this distinction in *Construction Systems, Inc. v. FagelHaber, LLC*, 35 N.E.3d 1244, 1256 (Ill. App. 1st Dist. 2015):

> In *Goldfine*, our supreme court distinguished cases in which the interest is hypothetical and depends on the amount of the judgment the party would have received but for the alleged malpractice—the situation in *Tri-G*—and cases in which the interest is a component of the remedial relief the plaintiffs would have recovered in the underlying case but for the alleged malpractice. Here, the interest is not hypothetical but is based on the amount of the mechanic's lien that should have been perfected and, under the Act, is a component of the relief [plaintiff]

would have been awarded but for [defendant's] failure to perfect the lien … Therefore, *Tri-G* is inapplicable[.]

*Id.* at 1257-58. Defendant does not address *Goldfine* or *Construction Systems, Inc.* in its Motion. *See generally* ECF 180.

The other cases Defendant relies on in its Motion are easily distinguishable. The majority deal with the availability of equitable prejudgment interest, which is not at issue here. *See Alguire v. Walker*, 506 N.E.2d 1334, 1341 (4th Dist. 1987) (a court may only award prejudgment interest based on "equitable principles" under "unique factual circumstances"); *Richman v. Chicago Bears Football Club, Inc.*, 468 N.E.2d 487, 490 (1st Dist. 1984) ("[A]n award of interest not provided for by statute or by agreement requires an element of bad conduct."); *Tri-G, Inc.*, 856 N.E.2d at 214 ("Illinois courts have declined to apply the rule governing ***equitable awards*** of prejudgment interest to cases at law.") (emphasis added); *Wilson v. Cherry*, 612 N.E.2d 953, 956 (Ill. App. 4th Dist. 1993) ("[P]rejudgment interest could not be awarded at common law and could be awarded only if statutory authority existed for the award."). The *Lowrey* case is distinguishable because it denied prejudgment interest under 815 ILCS 205/2 on the basis that the plaintiff had not established the existence of an "instrument in writing." *See First Nat. Bank of LaGrange v. Lowrey*, 872 N.E.2d 447, 479 (1st Dist. 2007). Here, it is undisputed that Ms. Jasinski signed the promissory note and that the underlying action was to enforce that note.

To conclude, the prejudgment interest Webster seeks to recover in this case under the loan agreement or 815 ILCS 205/2 "is a component of the remedial relief that [Webster] would have recovered under the [Illinois Interest Act] if [Defendant] had not negligently failed to preserve [Webster's suit-on-note] claim." *Goldfine*, 18 N.E.3d at 895. For that reason, and as made clear by the Supreme Court of Illinois in *Goldfine*, the general prohibition against the recovery of prejudgment interest in Illinois legal malpractice cases announced in *Tri-G* does not apply to

Webster's claim. *See id*.; *see also Construction Systems, Inc.*, 35 N.E.3d at 1256. The Court should therefore deny Defendant Pierce & Associates, P.C.'s Motion *In Limine* and grant such other and further relief as the Court deems necessary and proper.

          Respectfully submitted,

          THOMPSON COBURN LLP

          By: /s/ David M. Mangian
              Christopher M. Hohn, #6230989
              David M. Mangian, #6301867
              Thompson Coburn LLP
              One US Bank Plaza, Suite 2500
              Saint Louis, MO 63101
              314-552-6000
              314-552-7159 FAX
              chohn@thompsoncoburn.com
              dmangian@thompsoncoburn.com

          *Attorneys for Plaintiff Webster Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of December, 2019, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record:

          /s/ David M. Mangian