# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEBSTER BANK, N.A., | |
| Plaintiff, | Case No.: 1:16-cv-02522 |
| v. | District Judge: Mary M. Rowland |
| PIERCE & ASSOCIATES, P.C., | Magistrate Judge: Jeffrey T. Gilbert |
| Defendant. | |

## MOTION *IN LIMINE* TO BAR PLAINTIFF FROM OFFERING ANY EVIDENCE REGARDING PRIOR OR CURRENT LAWSUITS INVOLVING DEFENDANT

Defendant moves *in limine* for an Order prohibiting comment, argument, or statement by counsel or any witness during opening statement or at any time during voir dire, trial or during any testimony or evidence or otherwise regarding any previous or current lawsuits involving Defendant, on the following grounds:

**A.   Materials from any other lawsuits involving Defendant are irrelevant under Fed. R. Evid. 401 and 402.**

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. In order for evidence to be relevant, an item of proof must tend to prove or disprove a material issue of fact in the case. Fed. R. Evid. 401 defines relevance as follows:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Any alleged relevance of evidence regarding the existence of any other lawsuits in which Defendant was involved in has no relevance to any issue, defense, or the alleged damages in this case. Included within this consideration are any lawsuits that Defendant has filed against individuals to collect on an unpaid outstanding obligation, for a breach of note, or a mortgage foreclosure in any state court case.

**B.  Even if relevant, the probative value of evidence regarding Defendant's other lawsuits would be substantially outweighed by the danger of unfair prejudice.**

Even if relevant, evidence of other lawsuits regarding different collection actions or claims for violations of law should be excluded because their probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

Rule 403 is concerned with "unfair prejudice," that is, "'an undue tendency to suggest decision on an improper basis.'"  Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee notes; *U.S. v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003).

Any mention of any other lawsuits in which the Defendant may have been named as a party would be unfairly prejudicial because the jury might incorrectly conclude that those lawsuits were rulings on the merits of this case. Similarly, opinions regarding other collection activity should not be submitted to the jury.

Documents and information from other cases or trials in which Defendant may have been a party would be confusing to the jury because these other lawsuits involve applications of laws and rules to different facts that are not at issue in this case.  Without a context for any other lawsuits in which Defendant may have been a party, such as a review of the inadmissible pleadings, the jury will not understand what a ruling from any other case means and could incorrectly conclude that it was a finding of liability.  Moreover, no limiting instruction can cure the potential for unfair prejudice.  Therefore, this evidence is barred by Federal Rule of Evidence 403, which provides that "…evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…."  Fed. R. Evid. 403.

0984142\305034476.V1

**C.   Materials from any other lawsuits in which Defendant may have been named as a party constitutes inadmissible hearsay under Fed. R. Evid. 801, 802 and 803.**

Introducing information about other cases against or involving Defendant to the jury is hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is generally not admissible unless it falls within an exception identified by the Federal Rules of Evidence. Fed. R. Evid. 802. Double hearsay, or "hearsay included within hearsay," is only admissible if each part of the combined statements conforms with an exception to the hearsay rule provided in the Federal Rules of Evidence. Fed. R. Evid. 805.

Pleadings filed in other litigated matters constitute inadmissible hearsay. *See Century 21 Shows v. Owens*, 400 F.2d 603, 609-10 (8th Cir. 1968). Under certain limited circumstances pleadings filed in unrelated litigation can be admitted as admissions against the pleader; however, as to other parties they constitute inadmissible hearsay. *Id.* Any documents from any other lawsuits in which Defendant may have been named as a party, including the complaints, letters that were the subjects of the complaints, and briefs constitute inadmissible hearsay.

**WHEREFORE**, for the reasons stated above, Defendant respectfully request that this Court enter an Order prohibiting comment, argument or statement by counsel or any witness during opening statement or otherwise at any point during trial, on any testimony or evidence regarding any

0984142\305034476.V1

previous or current lawsuit involving Defendant, and grant such further relief as the Court deems appropriate and just.

*/s/ Justin M. Penn*
Justin M. Penn
David M. Schultz
Brandon S. Stein
Hinshaw & Culbertson LLP
151 N Franklin St – Ste 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail:  jpenn@hinshawlaw.com
  dschultz@hinshawlaw.com
  bstein@hinshawlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 27, 2020, **MOTION *IN LIMINE* TO BAR PLAINTIFF FROM OFFERING ANY EVIDENCE REGARDING PRIOR OR CURRENT LAWSUITS INVOLVING DEFENDANT** was served upon the plaintiff, in the care of its counsel, by using the CM/ECF Filing system, which will send notification of this filing to all counsel of record.


                                         */s/ Justin M. Penn*
                                         Justin M. Penn

0984142\305034476.V1