IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WEBSTER BANK, N.A., a national banking association,** | |
| **Plaintiff,** | Case No. 16-cv-2522 |
| v. | Judge Mary M. Rowland |
| **PIERCE & ASSOCIATES, P.C.,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Webster Bank, N.A. ("Webster") is suing Defendant Pierce & Associates, P.C. ("Pierce") for legal malpractice under Illinois law, asserting that Defendant negligently handled a suit-on-note claim against Kristen Jasinski. Before the Court are two motions *in limine* for an order precluding Plaintiff from recovering prejudgment interest at trial. (Dkt. 180; Dkt. 204) For the reasons that follow, Defendant's motions [180; 204] are denied.

## LEGAL STANDARD

Trial courts necessarily possess broad discretion to rule on evidentiary issues before and during trial. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016). The Federal Rules of Civil Procedure do not explicitly address motions *in limine*, but power is inherently vested in district courts in order to ensure just, speedy, and inexpensive dispute resolutions. *Id.*; *see also Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) ("Although the Federal Rules of Evidence

do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). By defining evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.*, and help ensure "that trials are not interrupted midcourse for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

However, during a trial, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41-42; *see also Ohler v. U.S.*, 529 U.S. 753, 758 n.3, 120 S. Ct 1851, 146 L. Ed. 2d 826 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial.").

## **ANALYSIS**

Pierce moves *in limine* for an order precluding Webster from recovering prejudgment interest at trial because (1) Illinois Law bars Webster from receiving prejudgment interest in an action at law, and (2) Webster has not presented any evidence to establish the amount of interest it would have received and has failed to itemize its damages calculations in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Webster responds that it is entitled to recover prejudgment interest under Illinois law, and that it disclosed its damages calculation in response to Pierce's interrogatories and in deposition testimony.

**1. Prejudgment Interest as a Matter of Law**

In Illinois, prejudgment interest is not recoverable absent a statute or agreement providing for it, unless money has been wrongfully taken and held without a right or claim. *See City of Springfield v. Allphin*, 82 Ill. 2d 571, 576, 413 N.E.2d 394, 396 (1980); *Richman v. Chicago Bears Football Club, Inc.*, 1227 Ill. App. 3d 75, 468 N.E.2d 487 (1st Dist. 1984). The noted exception applies in equitable proceedings. *Allphin*, 82 Ill. 2d at 579; *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 856 N.E. 2d 389 (Ill. 2006) (declining to award prejudgment interest in a legal malpractice case because legal malpractice actions are actions at law, not equity). Pierce relies on *Tri-G, Inc. v. Burke, Bosselman & Weaver* to argue that Webster cannot recover prejudgment interest because the present malpractice action is an action at law.

However, as Webster correctly points out, the Illinois Supreme Court allowed a legal malpractice plaintiff to recover statutory prejudgment interest when that interest was a component of the remedial relief the plaintiff would have recovered in the underlying action. In *Goldfine v. Barack, Ferrazzano, Kirschbaum & Perlman*, the Illinois Supreme Court allowed statutory prejudgment interest for a legal malpractice plaintiff who established legal malpractice under the Illinois Securities Law. *Goldfine v. Barack, Ferrazzano, Kirschbaum & Perlman*, 2014 IL 116362, ¶¶ 35-37, 385 Ill. Dec. 339, 18 N.E. 3d 884 (Ill. 2014). The Court expressly distinguished *Tri-G*, because "the [statutory prejudgment] interest [sought by the legal malpractice plaintiffs] is a component of the remedial relief that plaintiffs would have recovered

under the Illinois Securities Law if defendants had not negligently failed to preserve plaintiffs' claim." *Id.*; *see also Construction Systems, Inc. v. FagelHaber, LLC*, 2015 IL App (1st) 141700, ¶ 51, 35 N.E. 3d 1244 (Ill. App. 2015) ("In *Goldfine,* our supreme court distinguished cases in which the interest is hypothetical and depends on the amount of the judgment the party would have received but for the alleged malpractice—the situation in *Tri-G*—and cases in which the interest is a component of the remedial relief that plaintiffs would have recovered in the underlying case but for the alleged malpractice.").

Here, Webster alleges Pierce's malpractice in a suit-on-note claim against Kristen Jasinski caused its damage. According to Webster, had Pierce been successful in the underlying suit-on-note claim, Webster would have been entitled to a judgment in the amount of the principle of the note plus interest from the date of Jasinski's default to the date of judgment under the terms of Jasinski's loan agreement or the Illinois Interest Act, 815 ILCS 205/2. (Dkt. 182, Ex. 1, p. 3) (finance charge calculated by applying the periodic interest rate to the Daily Balance of the loan); 815 ILCS 205/2 ("Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any… promissory note… In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor."). Webster asserts that the

> prejudgment interest Webster could have recovered under the terms of
> the loan agreement or the Illinois Interest Act from Ms. Jasinski is

4

> directly analogous to the statutory interest the Supreme Court of Illinois allowed the legal malpractice plaintiff in *Goldfine* to recover under the Illinois Securities Law. In both cases, the interest is part of the remedial relief that would have been recovered in the underlying actions had the defendants not negligently failed to preserve the claims.

(Dkt. 182, p. 3) The Court agrees with Webster. As a matter of law, the prejudgment interest Webster seeks to recover under the loan agreement or the Illinois Interest Act is a component of the remedial relief that Webster would have recovered if Webster prevailed on its underlying suit-on-note claim. Accordingly, *Tri-G* is inapplicable, and Webster is entitled to recover prejudgment interest.

**2. Disclosure of Damage Calculations under FRCP 26**

Pierce seeks to bar any evidence of prejudgment interest, arguing that Webster never provided a calculation for the amount of prejudgment interest in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii).[1] (Dkt. 204)

Rule 26(a)(1)(A)(iii) requires a party to disclose a computation of each category of damages claimed by the disclosing party. Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to "provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2004). Pierce argues that Webster has repeatedly failed to

---

[1] Webster argues that this second motion *in limine* is really an attempt by Pierce to add more briefing on the earlier prejudgment interest issue. (Dkt. 212, 12) Webster notes that after it received leave to file a sur-reply, the Court stated there would be no further briefing on the prejudgment interest issue. (Dkt. 194) Webster claims that the second motion *in limine* is an attempt to make an end-run around the Court's earlier order. Regardless, the Court addresses Pierce's arguments, though it finds none persuasive.

5

provide a computation of prejudgment interest, and therefore, any evidence of prejudgment interest should be barred.

Webster responds that it has not violated Rule 26(a), as it identified the amount of prejudgment interest several times during discovery. Webster first identified the amount of prejudgment interest in its answer to Defendant's Interrogatory No. 5, which asked Webster to "[i]dentify with specificity all items of pecuniary or other monetary loss or expense claimed to have been incurred, sustained or resulting by reason of the facts alleged in the Complaint." (Dkt. 212, Ex. D, Interrogatory No. 5) Webster responded to that Interrogatory in relevant part:

> Webster states that it seeks damages of approximately $174,792.87 plus pre-judgment and post-judgment interest. This amount consists of the outstanding balance of the promissory note executed by Kristen Jasinski that is no longer collectible due to Defendant's malpractice (including principal, *interest*, and fees) (approximately $160,664.51); the legal fees and costs incurred by Webster in its attempts to mitigate the losses caused by Defendant's malpractice (approximately $11,029.52).

(Dkt. 212, Ex. D, Interrogatory No. 5) (emphasis added) The $160,664 listed includes the principal balance of the loan to Ms. Jasinski, prejudgment interest, and attorneys' fees. Second, Webster provided calculation details in its answer to Defendant's Interrogatory No. 14:

**ANSWER: The following amounts remain outstanding on the promissory note executed by Kristen Jasinski:**

| $135,000.00 | **Unpaid Principal Balance** |
|---|---|
| $23,545.51 | **Interest** |
| $2,014.00 | **Attorneys' Fees** |
| $105.00 | **Appraisal Fees** |

(Dkt. 212, Ex. D, Interrogatory No. 14) The above chart states that Webster is seeking $23,545.51 in prejudgment interest. Additionally, the combined total of those listed amounts equals $160,664.51—the amount stated in Interrogatory No. 5. Thus, Webster disclosed that it was seeking $23,545.51 in prejudgment interest at least twice in its answers to Defendant's Interrogatories. This is the "amount of interest due as of November 24, 2014—the date the Jasinski loan was removed from Webster's system." (Dkt. 212 at 15).

Webster's corporate representative testified that its alleged damage amount attributable to the Jasinski matter of $176,000 "consists of any of the outstanding balance that was owed. It also consist of interest that has accrued. That balance should also consist of any legal fees that were incurred as well." (Dkt. 204, Ex. C, 48:8-19) (referring to Amended Complaint at ¶ 54) This deposition testimony supports Webster's interrogatory responses; but the interrogatory responses contain the more accurate numbers.

As evidenced by the Interrogatories and deposition testimony, Webster has provided support for the amount it is seeking to recover in prejudgment interest at multiple points in the discovery process. Accordingly, the Court declines to bar this evidence. Webster may seek to recover $23,545.51 in prejudgment interest at trial. [2] To avoid any confusion, that is the only amount of prejudgment interest that Webster may seek to recover at trial.

---

[2] Pierce argues that Webster has provided another amount in a proposed-settlement email dated January 15, 2020. (Dkt. 204, ¶¶ 7-9) The Court disregards that amount as those communications were intended to be confidential and for settlement purposes only. See Fed. R. Evid. 408.

## CONCLUSION

For the reasons stated above, Webster is entitled to recover prejudgment interest as a matter of law and has sufficiently disclosed the amount of prejudgment interest it seeks on the Jasinski matter. Webster may therefore present evidence regarding prejudgment interest at trial. Defendant's motions *in limine* [180; 204] are denied.

E N T E R:

Dated: February 19, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge