IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WEBSTER BANK, N.A.**, a national banking association, | |
| **Plaintiff,** | Case No. 16-cv-2522 |
| v. | Judge Mary M. Rowland |
| **PIERCE & ASSOCIATES, P.C.,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Webster Bank, N.A. ("Webster") is suing Defendant Pierce & Associates, P.C. ("Pierce") for legal malpractice under Illinois law, asserting that Defendant negligently handled a suit-on-note claim against Kristen Jasinski. Before the Court is Webster's motion *in limine* for an order precluding Pierce's expert, Robert Markoff ("Markoff"), from testifying (1) that the Illinois Single Refiling Rule did not apply to the underlying Jasinski cases or was unsettled at the time, (2) that Thompson Coburn LLP ("Thompson Coburn"), as successor counsel, mishandled the underlying Jasinski case, and (3) that the standard of care is reduced in "high volume collection practice." (Dkt. 205) For the reasons that follow, Plaintiff's motion [205] is granted in part and denied in part. Markoff may testify consistent with this opinion.

## BACKGROUND

The following facts are taken from the Court's earlier summary judgment ruling. (Dkt. 157) On March 8, 2006, Kristen Jasinski obtained a loan from Webster.

She eventually defaulted, and Webster sought to accelerate the loan and referred the matter to Pierce. Pierce accepted Webster's referral and filed a complaint against Jasinski in the Circuit Court of Cook County, Illinois on February 16, 2010. Pierce voluntarily dismissed the complaint on April 20, 2011.

Pierce then filed a second, nearly identical lawsuit against Jasinski on June 19, 2012. That lawsuit was dismissed for want of prosecution on September 5, 2012. Pierce successfully obtained an order vacating the dismissal for want of prosecution on May 1, 2013. Ultimately, the second lawsuit was dismissed again for want of prosecution on July 9, 2013. On September 9, 2013, Pierce filed a third lawsuit against Jasinski. Jasinski moved to dismiss the third lawsuit on February 14, 2014 on the grounds that it violated the Illinois single refiling rule, 735 Ill. Comp. Stat. Ann. 5/13-217.

On January 31, 2014, Pierce filed a motion seeking to vacate the July 9, 2013 dismissal of the second lawsuit. The Circuit Court granted the motion on February 26, 2014 and, at the same time, granted Pierce's oral motion to voluntarily dismiss the second lawsuit without prejudice. Pierce did not inform Webster that the second lawsuit was dismissed.

Webster obtained new counsel, Thompson Coburn LLP, in April 2014 in an attempt to vacate the dismissal of the second lawsuit and oppose Jasinski's motion to dismiss the third lawsuit. On July 11, 2014, the Circuit Court denied Thompson Coburn's motion to reinstate and vacate the dismissal, and granted Jasinski's motion to dismiss based on the Illinois single refiling rule. During this time, at least one

2

Pierce attorney was aware of the Illinois single refiling rule and knew that there were no applicable exceptions. Later, in April 2016, Pierce acknowledged in a letter to the Illinois Attorney Registration and Disciplinary Commission that the "case law was clear about the inability to re-file a case after two voluntary dismissals." (Dkt. 157, 4)

Webster filed the instant legal malpractice action on February 23, 2016. This Court denied Pierce's motion for summary judgment on March 14, 2019. In doing so, this Court analyzed the law for purposes of summary judgment and determined that the Illinois single refiling rule applied to the three Jasinski lawsuits and that Webster's claim against Jasinski was no longer viable after Pierce's unauthorized dismissal of the second lawsuit on February 26, 2014 due to the Illinois single refiling rule. (Dkt. 157, 7-9) The Court was unpersuaded by Pierce's arguments that the law on the single refiling rule was unsettled during the pertinent time but denied summary judgment because the remaining inquiry "whether an attorney has exercised the requisite level of care and skill in a particular case is a question of fact to be determined by the jury." (Dkt. 157, 9) (citing *Kirkland & Ellis v. CMI Corp.*, 1999 WL 92257, at *13 (N.D. Ill. Feb. 11, 1999)). The Court noted that the jury will decide this question based on "expert testimony at trial." (Dkt. 157, 10)

## **LEGAL STANDARD**

Trial courts necessarily possess broad discretion to rule on evidentiary issues before and during trial. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016). The Federal Rules of Civil Procedure do not explicitly address motions *in limine*, but power is inherently vested in district courts in order to ensure just, speedy, and

3

inexpensive dispute resolutions. *Id.*; *see also Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."). By defining evidentiary boundaries, motions *in limine* both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id.*, and help ensure "that trials are not interrupted midcourse for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

However, during a trial, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce*, 469 U.S. at 41-42; *see also Ohler v. U.S.*, 529 U.S. 753, 758 n.3, 120 S. Ct 1851, 146 L. Ed. 2d 826 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial.").

## ANALYSIS

Webster moves *in limine* to bar several opinions from Pierce's expert, Markoff.[1]

### 1. Illinois Single Refiling Rule

Webster argues that Markoff should be precluded from testifying regarding the Illinois Single Refiling Rule and *First Midwest Bank v. Cobo*. In particular, Webster seeks an order precluding Markoff from arguing that the Illinois Single Refiling Rule did not apply in the promissory note context, and that the application of the Illinois

---

[1] Webster does not raise a challenge to Markoff under *Daubert*.

4

Single Refiling Rule was unclear or unsettled at the time Pierce handled the Jasinski cases. Webster cites to this Court's earlier summary judgment ruling for support, which held as a matter of law that (1) the "Illinois single refiling rule applied with equal force in the promissory note context," (2) "[t]he conclusion that the [Jasinski] lawsuits all arose from the same operative set of facts is inescapable under Illinois' broad transactional test," and (3) "Webster's claims against Jasinski were no longer viable due to the Illinois single refiling rule when Thompson Coburn replaced Pierce in the litigation." (Dkt. 157, 8-9)

In response, Pierce argues that Webster misconstrues Markoff's proposed testimony. According to Pierce, Markoff intends to discuss *Cobo* only to demonstrate the standard of care, and what reasonably careful lawyers would have known about the Illinois Single Refiling Rule. (Dkt. 210 at 1). Pierce argues that Markoff should be allowed to testify about the state of the law at the time of the alleged malpractice.

The Court agrees with Pierce. The Court's summary judgment ruling specifically found that the "promissory note collection and litigation practice area is simply not [one] of the areas of law ingrained in the collective knowledge of laypersons. Therefore, the question of fact regarding the applicable standard of care and whether Pierce breached that standard is one reserved for expert testimony at trial." (Dkt. 157, 10). Markoff is permitted to describe that practice area, during the pertinent time period, to the jurors. He is permitted to testify to his opinion about what a reasonably careful lawyer would have done under similar circumstances at that time. However, given the Court's summary judgment ruling, Markoff may *not*

5

testify that the Illinois Single Refiling Rule did not apply to the Jasinski cases. This Court, as well as the Circuit Court of Cook county, have both already concluded that the rule applied to the Jasinski matter. Markoff may testify as to his experience in the field of collections and his understanding of the Illinois Single Refiling Rule during the pertinent time period. He may also cite *Cobo* to the extent it's relevant to the standard of care. Further, Markoff can testify that he, personally, had not heard of the rule until recently. (Dkt. 206, Ex. 2, 83:2-4) ("I've been doing this for 42 years, and this rule has only reared its head for the first time in my practice in the last six months and in this particular case.")

**2. Thompson Coburn's Involvement**

In his report, Markoff states that Thompson Coburn deviated from the standard of care in its handling of the Jasinski cases. Webster requests the Court to bar Markoff from making any statements regarding Thompson Coburn's involvement. This request is granted. First, this case is about Pierce's conduct and whether its lawyers breached a duty owed to Plaintiff. Thompson Coburn's conduct is irrelevant to this inquiry.

Pierce counters that Thompson Coburn's involvement is essential to its two affirmative defenses and to the question of damages. In response to Webster's complaint, Pierce presented two affirmative defenses, both based on Thompson Coburn's conduct as successor counsel: contributory negligence and failure to mitigate. Pierce argues that the Court's summary judgment ruling did not enter judgment on the two affirmative defenses, and therefore it should be permitted to

6

present evidence on these affirmative defenses at trial. However, when the Court's summary judgment opinion determined that the Jasinski claims were *not viable* at the time Thompson Coburn took over, it determined Pierce's affirmative defenses were moot. (Dkt. 157 at 11) Although the Court used the term "moot," the opinion clearly evidences an intent to strike the affirmative defenses. Pierce may not present evidence that Webster either failed to mitigate or contributed to its loss via Thompson Coburn. Accordingly, Markoff may not provide any testimony that Thompson Coburn deviated from the standard of care by not having the Jasinski cases reinstated.

The question for the jury is whether Pierce committed legal malpractice and deviated from the standard of care. Thompson Coburn's involvement in the underlying Jasinski matter will not help the jury answer that question. The Court bars Markoff from making any statements regarding Thompson Coburn's involvement.[2]

**3. Standard of Care in High-Volume Collection Practices**

Finally, Webster seeks an order precluding Markoff from testifying that the standard of care is different for high-volume collection practices. Webster argues that the standard of care remains the same, regardless of the type of law an attorney practices or how many cases an attorney has. Pierce counters that Markoff will not testify that the standard is reduced in high-volume collection practices—in fact, Markoff's deposition testimony states that the standard of care remains the same regardless of practice area and volume of cases—but will instead provide context as

---

[2] Webster is seeking $11,029.52 in attorneys' fees for Thompson Coburn's involvement in the Jasinski lawsuit. Markoff does not opine on Thompson Coburn's fees.

7

to the nature and realities of high-volume collection practices in Cook County. The Court finds nothing improper in Markoff's proposed testimony regarding high-volume collection practices or practicing in Cook County. The Court denies Webster's motion *in limine* in this regard.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion [205] is granted in part and denied in part. Markoff may testify consistent with this opinion.

E N T E R:

Dated: February 20, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

8